ACCEPTED
12-15-00206-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/20/2015 5:40:38 PM
CATHY LUSK
CLERK

No._____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/20/2015 5:40:38 PM
CATHY S. LUSK
Clerk

In the

## Twelfth Court of Appeals

---

# In re Wendell Reeder

---

# Mandamus Record

---

**Marisa M. Schouten**
Bar I.D. No. 24039163
**John F. (Jack) Walker, III**
Bar I.D. No. 00785167
**Martin Walker, P.C.**
The Arcadia Theater
121 N. Spring Street
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax

**Attorney for Relator,
Wendell Reeder**

No._____

In the

**Twelfth Court of Appeals**

---

In re Wendell Reeder

---

**Affidavit**

---

STATE OF TEXAS     §

COUNTY OF SMITH     §

BEFORE ME, the undersigned notary public, on this day personally appeared Marisa Schouten, who being duly sworn by me on her oath deposed and said:

(1) she is one of the attorneys for relator in the above entitled and numbered cause and is one of relator's counsel in the underlying cause (*No. 2015-184, J. Bennett White, P.C. v. Wendell Reeder*, in the District Court of Wood County, Texas);

(2) she has personal knowledge of the documents prepared, issued, filed, and/or served in the underlying cause;

(3) she has reviewed all volumes of the mandamus Record; and

(4) each document contained in these volumes is a true and correct copy of a document prepared, issued, filed, and/or served in ths underlying cause.

_____

Marisa Schouten

SUBSCRIBED AND SWORN TO BEFORE ME on this the 20th day of August, 2015, to certify which witness my hand and official seal.



BARBARA GORMAN
MY COMMISSION EXPIRES
August 2, 2019

_____

Notary Public in and for the State of Texas

# Mandamus Record Index

**Volume 1**                                                                          **Page**

Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Court's Order Granting Motion to Disqualify J. Keith Mayo and Mayo, Mendolia and Vice, L.L.P. as Attorneys for Defendant, Wendell Reeder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
(Signed 7/14/15)

Plaintiff's Original Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
(filed April 14, 2015)

Defendant Wendell Reeder's Original Answer and General Denial . . . . . . . . . . . . . . . . 10
(filed June 1, 2015)

Motion to Disqualify J. Keith Mayo and Mayo Mendolia and Vice, L.L.P. as attorneys for defendant, Wendell Reeder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
(filed June 11, 2015)

Notice of Hearing on Motion to Disqualify for June 23, 2015 . . . . . . . . . . . . . . . . . . . 16
(filed June 16, 2015)

Plaintiff's Motion for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
(filed June 19, 2015)

Defendant Wendell Reeder's Response and Brief in Support to Plaintiff's Motion to Disqualify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82
(filed June 22, 2015)

Notice of Appearance as Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93
(filed July 23, 2015)

Motion for Continuance of Summary Judgment Hearing . . . . . . . . . . . . . . . . . . . . . . 95
(filed July 23, 2015)

Letter Notice of Hearing on Plaintiff's Motion for Summary Judgment, set for August 25, 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98
(filed August 4, 2015)

Request for Setting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 99
(filed August 6, 2015)

Notice of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 101
(filed August 6, 2015)

Response to Motion for Summary Judgment, Subject to Motion for Continuance of Summary
Judgment Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103
(filed August 18, 2015)

First Amended Answer with Affidavit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 117
(filed August 18, 2015)

Transcript of June 11, 2015 Hearing on Motion to Disqualify . . . . . . . . . . . . . . . . . . . . . . . 122

# CIVIL DOCKET

CASE NO. 2015-184

DRM #160036 — BUSINESS INK CO.

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| 2015-184 | J. Bennett White, P.C. | J. Bennett White | Debt / Contract | 4 | 14 | 15 |
| | | Pltf. | | | | |

**FEE BOOK**

| Vol. | Page | | | Jury Fee, |
|---|---|---|---|---|
| | | Wendell Reeder | Jack Warren | Paid By |
| | | | Dft. | Jury No. |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| 06 | 23 | 15 | | Hearing / Ct. finds conflict w/ Mayo's representation. | | | |
| 07 | 14 | 15 | | O/ Allowing Mayo to w/d. | | | |

0001

CAUSE NO. 2015-184

| J. BENNETT WHITE, P.C. | § | IN THE 402nd DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

## ORDER GRANTING MOTION TO DISQUALIFY J. KEITH MAYO AND MAYO MENDOLIA & VICE, L.L.P. AS ATTORNEYS FOR DEFENDANT WENDELL REEDER

On June 23, 2015, came to be considered Plaintiff's Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, L.L.P. as Attorneys for Defendant Wendell Reeder. Plaintiff appeared through counsel of record, J. Bennett White. Defendant appeared through counsel of record, J. Keith Mayo.

The Court, having considered the pleadings on file and the evidence and argument presented, is of the opinion that a conflict exists sufficient to disqualify J. Keith Mayo and Mayo Mendolia & Vice, L.L.P. as attorneys for Defendant Wendell Reeder. Therefore, the Court finds that Plaintiff's motion should be Granted.

IT IS THE ORDER OF THE COURT that J. Keith Mayo and Mayo Mendolia & Vice, L.L.P shall have until **July 23, 2015** to withdrawal from this matter as attorneys for Defendant. Should J. Keith Mayo and Mayo Mendolia & Vice, L.L.P fail to withdrawal by **July 23, 2015** then this order shall deem them disqualified as of that date.

SIGNED THIS DAY _____July 14_____, 2015.

_____
JUDGE PRESIDING

0002

CAUSE NO. 2015-184

| J. BENNETT WHITE, P.C. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW J. BENNETT WHITE, P.C., hereinafter called "Plaintiff", complaining of WENDELL REEDER, hereinafter called "Defendant", and would show the Court as follows:

1.     Discovery is intended to be conducted under Level Two as set forth in Tex. R. Civ. P. 190.3.

2.     Wendell Reeder is an individual who may be served with process at U.S. Hwy 37 and Star St., Clarksville, Texas.

3.     Venue is proper in Wood County, Texas because part of the services provided by Plaintiff were performed in Wood County, Texas; therefore, Plaintiff's cause of action occurred it least in part, in Wood County Texas.

### Cause of Action No. 1 *(Appeal – 12th Court)*

4.     On or about June, 2008, Plaintiff was hired by Defendant Wendell Reeder ("Reeder") to appeal a judgment that had been rendered against him in Cause No. 2004-299 styled Wood County Energy, LLC and Wood County Oil & Gas, Ltd. v. Wendell Reeder, Nelson Operating, Inc., et al. (the "Wood County Judgment")

5.     Beginning in June, 2008, and continuing through and including March, 2012, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder. In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services

0003

provided at Plaintiff's regular hourly rates. As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $114,904.40 for legal services in this matter.

## Cause of Action No. 2 *(Appeal – Sup. Ct.)*

6. In October, 2010, Reeder hired Plaintiff to seek review of the Wood County Judgment be the Texas Supreme Court.

7. Beginning in October, 2010, and continuing through and including April, 2013, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder. In connection therewith Reeder promised to pay Plaintiff on an hourly basis for legal fees provided at Plaintiffs' regular hourly rates. As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $7,642.43 for legal services before the Texas Supreme Court.

## Cause of Action No. 3 *(Reeder v. Fry)*

8. In November, 2011, Defendant Reeder hired Plaintiff to represent him in attempting to prevent collection of the Wood County Judgment while the proceeding was on appeal. Once the Supreme Court reversed the Wood County Judgment, Defendant Reeder sought Plaintiff's assistance in removing the judgment liens pertaining to the Wood County Judgment.

9. From November, 2011 and continuing through and including January, 2015 Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder. In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services provided at Plaintiff's regular hourly rates. As of March 20, 2015, after allowing all just and

lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $22,366.80 for legal services provided in the trial court pertaining to the Wood County Judgment.

## Cause of Action No. 4 *(Forest Hill/Harris Sand)*

10.     In October, 2008, Defendant Reeder hired Plaintiff to represent him in conjunction with various activities concerning the Forest Hill/Harris Sand Unit.

11.     From October, 2008 and continuing through and including June, 2014, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder. In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services provided at Plaintiff's regular hourly rates. As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $748.08 for legal services provided in connection with the Forest Hill/Harris Sand Unit.

## Cause of Action No. 5 *(Jamestown Ins. v.)*

12.     In May, 2011, Defendant Reeder hired Plaintiff to defend him in a declaratory judgment action brought against him in federal court by his insurance carrier, Jamestown Insurance Company, RRG.

13.     From May, 2011 and continuing through and including November, 2012, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder. In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services provided at Plaintiff's regular hourly rates. As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $31,856.53 for legal services provided in the Jamestown Insurance declaratory judgment matter.

## Cause of Action No. 6 *(Appeal 5th Cir.)*

14.     In July, 2012, Defendant Reeder hired Plaintiff to appeal the judgment granted in the Jamestown Insurance declaratory judgment proceeding.

15.     From July, 2012 and continuing through and including April, 2013, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder.  In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services provided at Plaintiff's regular hourly rates.  As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $30,023.85 for legal services provided in the appeal of the Jamestown Insurance declaratory judgment proceeding.

## Cause of Action No. 7 *(General)*

16.     In June, 2008, Defendant Reeder hired Plaintiff provided legal representation in matters of a general nature.

17.     From June, 2008 and continuing through and including April, 2015, Plaintiff, at the special instance and request of Reeder, provided services as requested by Reeder.  In connection therewith, Reeder promised to pay Plaintiff on an hourly basis for legal services provided at Plaintiff's regular hourly rates.  As of March 20, 2015, after allowing all just and lawful offsets and payments and credits, Reeder is indebted to Plaintiff in the sum of $5,055.01 for legal services provided in general matters.

## Allegations As to All Claims

18.     Beginning in approximately July, 2009, Reeder specifically requested Plaintiff to postpone collection of the balances on the accounts brought by this petition.  Reeder asked Plaintiff to defer collection on these balances until such time as the Supreme Court appeal of the

Wood County Judgment had been completed. The Supreme Court reversed the Wood County Judgment in approximately April, 2013.

19. At that time, Reeder asked Plaintiff to continue deferring collection until the judgment liens pertaining to the Wood County Judgment had been removed. That task was completed in approximately November, 2014.

20. Once the judgment liens were released, Plaintiff sought payment from Defendant. Reeder promised Plaintiff that he would have the funds to pay Plaintiff from a real estate closing originally scheduled for December, 2014. After numerous delays, that closing finally occurred in March, 2015. However, rather than paying Plaintiff as agreed, Defendant now refuses to pay Plaintiff the just and true balance owed.

## Rule 47 (c)

21. All conditions precedent to the recovery sought by Plaintiff have been performed or have occurred. The damages Plaintiff seeks are within the jurisdictional limits of this court. In accordance with TEX. R. CIV.P. 47(c), Plaintiff seeks monetary relief over $200,000, but less than $1,000,000.

## Attorneys' Fees

22. Plaintiff has made written demand upon the Defendant for payment of the balances owed for legal services provided, and Plaintiff would show the Court that the recovery of attorneys' fees is authorized, made, and provided, under and according to Chapter 38 of the Texas Civil Practice & Remedies Code, and Plaintiff further sues Defendant for reasonable attorneys' fees, which Plaintiff alleges to be in at least the sum of $70,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff have judgment as follows:

A.  Judgment on Cause of Action No. 1 against Defendant Wendell Reeder in the principal sum of $114,904.40, plus interest from March 20, 2015 until the date of Judgment at the rate of 12% per annum;

B.  Judgment on Cause of Action No. 2 against Wendell Reeder, in the principal sum of $7,642.43, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

C.  Judgment on Cause of Action No. 3 against Wendell Reeder in the principal sum of $22,366.80, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

D.  Judgment on Cause of Action No. 4 against Wendell Reeder in the principal sum of $748.08, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

E.  Judgment on Cause of Action No. 5 against Wendell Reeder in the principal sum of $31,856.5, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

F.  Judgment on Cause of Action No. 6 against Wendell Reeder in the principal sum of $30,023.85, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

G.  Judgment on Cause of Action No. 7 against Wendell Reeder in the principal sum of $5,055.01, plus interest from March 20, 2015 until the date of judgment at the rate of 12% per annum;

H.     Attorneys' fees against all Defendants in the amount of at least $70,000;

I.     Costs of Court;

J.     Interest after judgment at the rate of 12% per annum from the date of the judgment until paid.

Plaintiff also requests all such other and further relief at may be just and proper.

RESPECTFULLY SUBMITTED,

J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas 75711
Telephone: (903) 597-4300
Telecopier: (903) 597-4330

J. BENNETT WHITE
State Bar No. 21309800
LAURA S. SEVERT
State Bar No. 24051886

ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Petition*
*J. Bennett White. P.C. v. Wendell Reeder*

*Page 7*

0009

Filed:6/1/2015 2:28:41 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Jennifer Mosher

CAUSE NO. 2015-184

| | | |
|---|---|---|
| J. BENNETT WHITE, P.C. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

## DEFENDANT WENDELL REEDER'S
## ORIGINAL ANSWER AND GENERAL DENIAL

TO THE HONORABLE COURT:

**COMES NOW**, Wendell Reeder, Defendant in the above entitled and numbered cause and files this Original Answer and General Denial, and in support of such filing would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.01. Defendant hereby generally denies each and every allegation set forth in Plaintiff's Original Petition and demands strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by reason of his action herein, and for such other and further relief to which Defendant may show himself justly entitled.

---

0010

Respectfully submitted,

**MAYO MENDOLIA & VICE, L.L.P.**
110 N. College Ave., Ste. 101
Tyler, Texas 75702
903-747-3422
903-747-3436 fax

By: /s/ J. Keith Mayo
    **J. KEITH MAYO**
    State Bar No.: 00794251

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered in the manner stated below to all parties or their attorneys in this cause on the 1ˢᵗ day of June, 2015.

**Via Fax 903-597-4330**
**and CMRRR 70122210000142537252**
J. Bennett White
PO Box 6250
Tyler, Tx 75711
903-597-4300

*/s/ J. Keith Mayo*
**J. KEITH MAYO**

CAUSE NO. 2015-184

| | | |
|---|---|---|
| J. BENNETT WHITE, P.C. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

**MOTION TO DISQUALIFY J. KEITH MAYO AND
MAYO MENDOLIA & VICE, L.L.P.
<u>AS ATTORNEYS FOR DEFENDANT WENDELL REEDER</u>**

TO THE HONORABLE JUDGE:

COMES NOW, J. Bennett White, P.C. ("JBW, PC"), Petitioner, filing this Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, L.L.P as attorneys for Defendant, Wendell Reeder ("Reeder"), and would show to the Court as follows:

**Summary of Motion: Defendant's law firm should be disqualified because it now employs a legal assistant previously employed by Plaintiff.**

1. Jennifer Smith ("Smith") is currently employed as a legal assistant by Mayo Mendolia & Vice, L.L.P ("MMV"). She was previously employed by J. Bennett White, P.C. in that same capacity. During the time Smith was employed by JBW, PC, she was privy to JBW, PC's privileged and confidential information. With this being a lawsuit for collection of attorneys' fees owed, Smith's employment with MMV subjects her to competing loyalties in honoring the client confidences gained while working at JBW, PC against her current obligation of loyalty to MMV and its clients. MMV's representation of Reeder jeopardizes Smith's ability to honor Plaintiff's confidences.

2. More importantly, as an employee of JBW, PC, Smith has first-hand knowledge of the correctness of Plaintiff's claim against Reeder. In fact, some portion of the amount owed is for services performed by Smith. Based on Smith's personal knowledge of the validity of Plaintiff's claim and the potential that she could be called as a witness, Plaintiff's interest would

SCANNED

0013

be prejudiced by her knowledge that to provide truthful testimony would be detrimental to her employment with MMV and to Reeder. Accepting representation that would compromise the testimony of a fact witness creates an impermissible conflict of interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon hearing the motion, the Court grant the motion and disqualify J. Keith Mayo and Mayo Mendolia & Vice, L.L.P as attorneys for Defendant Wendell Reeder. Plaintiff also seeks all such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas 75711
Telephone: (903) 597-4300
Telecopier: (903) 597-4330

J. BENNETT WHITE
State Bar No. 21309800
jbw@jbwlawfirm.com

LAURA S. SEVERT
State Bar No. 24051886
lsevert@jbwlawfirm.com

ATTORNEYS FOR PLAINTIFF

0014

## CERTIFICATE OF SERVICE

I certify that a true and original copy of the foregoing document has been served by fax on this date, **June 11, 2015**, as follows:

**Fax No.: 903-747-3436**

Mr. J. Keith Mayo
Mayo, Mendolia & Vice, L.L.P.
110 N. College, Suite 101
Tyler, TX 75702

J. BENNETT WHITE

0015

CASE NUMBER: 2015-184

J. BENNETT WHITE, P.C.            §            IN THE 402nd JUDICIAL
          VS.                                        DISTRICT COURT
    WENDELL REEDER                           OF WOOD COUNTY, TEXAS

**CALENDARED**

## NOTICE OF HEARING

The above-referenced case is scheduled for Motion Hearing, on 06/23/2015 at 9:00 AM, in the District Courtroom, Quitman, Wood County, Texas.

SIGNED AND DELIVERED on this the 16th day of June, 2015.

JOY PARKER, COURT COORDINATOR

XC:

White

Mayo

**SCANNED**

0016

| J. BENNETT WHITE, P.C. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE:

COMES NOW, J. Bennett White, P.C., Plaintiff, moving for Summary Judgment on its claim against Wendell Reeder, Defendant, and in support thereof shows:

1. Defendant has appeared and answered herein.

2. Plaintiff's Motion embraces its entire claim against the Defendant. There is no genuine issue as to any material fact necessary to establish the liability of the Defendant to the Plaintiff, and Plaintiff is entitled to a Judgment as a matter of law.

3. In support of this Motion, Plaintiff refers the Court to the pleadings and the Affidavit of J. Bennett White on file in this cause. More particularly, Plaintiff directs the attention of the Court to the following Summary Judgment evidence:

a. The Affidavit of J. Bennett White establishes:

(1) That Defendant hired Plaintiff to work on seven (7) different legal matters for which unpaid balances remain;

(2) That the unpaid balances, as of March 20, 2015, owed on each of the matters are:

| a. | Fry Appeal | $114,904.40 |
| b. | Forest Hill / Harris Sand Unit | $748.08 |
| c. | General | $5,055.01 |

---

*Motion for Summary Judgment*
*J. Bennett White, P.C. v. Wendell Reeder*
*Cause No. 2015-184*        *Page 1*

**SCANNED**

| d. | Fry Appeal – Supreme Court | $7,642.43 |
|----|----------------------------|-----------|
| e. | Jamestown Insurance v. | $31,856.53 |
| f. | Reeder v. Fry | $22,366.80 |
| g. | Jamestown Insurance Appeal | $30,023.85 |
| | | |
| | Total | $212,597.10 |

(3)     Interest on the unpaid balances continues to accrue after March 20, 2015 at the rate of 12 % per annum;

(4)     That all services provided Defendant by Plaintiff were necessary and the amounts charged for those services were reasonable; and

(5)     That the payment for the just amount owed has not been tendered despite the expiration of more than thirty (30) days after the claim was presented, a true and correct copy of which demand letter is attached to that affidavit as **Exhibit 15**.

c.     The Affidavit of J. Bennett White also establishes reasonable and necessary attorneys' fees incurred by J. Bennett White, P.C. in the amount of $30,000.00, along with the Defendant's failure to fulfill the Fee Agreement freely entered by both parties.

WHEREFORE, Plaintiff requests that this matter be set for hearing, and that upon completion of the hearing, the Court enter an order adjudging Defendant liable to Plaintiff for the relief requested in this Motion and granting Plaintiff all such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

**J. BENNETT WHITE, P.C.**
Post Office Box 6250
Tyler, Texas 75711
Telephone:     903-597-4300
Telecopier:    903-597-4330


By: _____
     J. BENNETT WHITE
     State Bar No. 21309800

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify that a true and original copy of the foregoing document has been served by fax on this date, **June 19, 2015**, as follows:

**Fax No.:  903-747-3436**
Mr. J. Keith Mayo
Mayo, Mendolia & Vice, L.L.P.
110 N. College, Suite 101
Tyler, TX 75702


_____
J. BENNETT WHITE

CAUSE NO. 2015-184

| J. BENNETT WHITE, P.C. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| WENDELL REEDER | § | WOOD COUNTY, TEXAS |

## AFFIDAVIT OF J. BENNETT WHITE

**STATE OF TEXAS** §

**COUNTY OF SMITH** §

BEFORE ME, THE UNDERSIGNED AUTHORITY on this day personally appeared J. Bennett White, who, being duly sworn by me, deposed and said as follows:

"My name is J. BENNETT WHITE. I am at least 21 years of age, of sound mind, capable of making this Affidavit, and competent to testify to the matters stated herein. I have personal knowledge of the matters stated herein, each of which is true and correct. I am an attorney licensed to practice law in the State of Texas and have practiced law in Tyler, Smith County, Texas since 1985. I am employed by J. Bennett White, P.C., Plaintiff, as an attorney.

"Sometime in approximately June, 2008, I had a lunch meeting with Wendell Reeder at Friday's restaurant in Tyler, Texas. Prior to that time I had done work for Clarksville Oil and Gas, a company operated by Mr. Reeder, but I had not done any significant work for him, individually. During that meeting, he told me about having recently lost a trial in which he was sued in Wood County, Texas. As a result of the recent trial, Mr. Reeder had a judgment entered against him in excess of one million dollars. During that meeting, he inquired whether appealing the judgment was something that my office could do. I indicated that we could, that I had extensive experience in appellate matters, and that I was willing to investigate the prospects for a successful appeal. In June, 2008, J. Bennett White, P.C. internally created Matter Number 08-1082 (the "Fry Appeal") and began charging services to that matter in conjunction with appealing the Wood County judgment against Mr. Reeder.

"Also in June, 2008, J. Bennett White, P.C. internally created Matter Number 08-1086 ("Reeder – General"). The General matter was used to record time spent for Mr. Reeder, but not directly related to the appeal of the Wood County judgment.

"The Wood County judgment against Mr. Reeder arose out of oil and gas

0020

operating activities conducted in an area commonly known as the Forest Hill/Harris Sand Unit. Shortly after the work began on the Fry Appeal, Mr. Reeder had other issues arise with regard to the ongoing activities in the Forest Hill/Harris Sand Unit. In November, 2008, J. Bennett White, P.C. internally created Matter Number 08-1164 ("Forest Hill/Harris Sand Unit").

"The 12th District Court of Appeals entered its judgment on the appeal of the Wood County judgment in approximately August, 2010. In November, 2010, J. Bennett White, P.C. internally created Matter Number 10-1104 (the "Supreme Court Appeal").

"In May, 2011, Mr. Reeder called me about representing him in a lawsuit that had been filed against him by Jamestown Insurance Company. Jamestown Insurance had been Mr. Reeder's general liability insurance company at the time of the activities that gave rise to the Wood County judgment. Mr. Reeder had requested that Jamestown Insurance defend and indemnify him from the claims in the Wood County lawsuit. In response, Jamestown filed a declaratory judgment action in the U. S. District Court for the Southern District of Texas. In May, 2011, J. Bennett White, P.C. internally created Matter Number 11-1044 ("Jamestown Insurance v.").

"In December, 2011, ongoing activities in the 402nd District Court in Wood County relating to the Wood County lawsuit gave rise to legal services being provided on Mr. Reeder's behalf. In December, 2011, J. Bennett White, P.C. internally created Matter Number 11-1104 ("Reeder v. Fry").

"In approximately May, 2012, the federal district court for the Southern District of Texas rendered its decision in favor of Jamestown Insurance Company. Mr. Reeder requested that the judgment be appealed to the Fifth Circuit Court of Appeals. In July, 2012, J. Bennett White, P.C. internally created Matter Number 12-1041 (the "Jamestown Insurance Appeal").

"During the first year that the Fry Appeal matter was open (6/08 to 5/09), Mr. Reeder paid his account balances generally in a timely manner. Through May, 2009, the balance was fully paid; however, once briefing for the Court of Appeals began in earnest, the account balance quickly escalated. In approximately July, 2009, Mr. Reeder made a request of me with regard to his account balance. He proposed that he would continue to direct work on behalf of Clarksville Oil and Gas Company to J. Bennett White, P.C. and would see to it that the bills for the work provided to Clarksville Oil and Gas were paid in a timely manner if J. Bennett White, P.C. would defer collection on his personal account until the appeal of the Fry Judgment was concluded. Mr. Reeder's proposal did not include any discounts, debt forgiveness, or contingencies – he requested that I defer collection, nothing more. At that time, I accepted his proposal and agreed.

"Although there were some intermittent payments on his individual account, the payments generally stopped in August, 2009. By October, 2010, the unpaid balance on the Fry Appeal was approximately $90,000. Mr. Reeder made a $5,000 payment in December, 2010.

"In June, 2012, J. Bennett White, P.C. began charging interest on its clients' unpaid account balances. In the months preceding the enactment of that policy, a notice was included in each client's bill explaining the amount and basis for the interest charge. A true and correct copy of that Notice is attached and incorporated as **Exhibit 1**. Attached and incorporated as **Exhibit 2** is a true and correct copy of the cover page to Mr. Reeder's May 20, 2012 invoice. The invoice includes the notation that "past due balances will be charged interest at the rate of 12% per annum, compounded monthly." Attached and incorporated as **Exhibit 3** is a true and correct copy of the cover page to Mr. Reeder's June 20, 2012 invoice. That invoice also includes the same notation.

"Prior to the implementation of the interest charge, Mr. Reeder's account balance on the Fry Appeal was $91,540.57. Subsequently, there has been an accrual of interest charges against the account, two payments of interest, and a $5,000 payment in January, 2013. As of that payment, the account balance was $91,210.39. Between January, 2013 and March, 2015, interest charges have increased the account balance to $114,904.40. As of March 20, 2015, the unpaid balance due and owing on the Fry Appeal matter was $114,904.40. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 4**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"On the Forest Hill/Harris Sands Unit matter, Mr. Reeder initially began by paying account balances in an intermittent manner. However, as of May, 2011, the account for this matter was paid in full with a zero balance outstanding. Subsequently, charges were incurred on this matter in the amount of $1,960.25. Beginning in June, 2012, J. Bennett White, P.C. began charging interest on its clients' unpaid account balances. Subsequently, interest charges on this account increased the balance to $2,356.89 through February, 2015. In March, 2015, a payment in the amount of $1,611.94 was applied to this account balance, leaving an unpaid balance at that time in the amount of $744.95. On March 20, 2015, an additional interest charge of $3.13 was applied to this account leaving the unpaid balance on this account due, owing, unpaid, and outstanding as of March 20, 2015 in the amount of $748.08. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 5**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"On Mr. Reeder's General matter, the account balance was paid in full through March, 2011. At that time, charges were applied to that account for fees in the amount of $8,377.32, which was the balance as of May 20, 2012 prior to the institution of the interest charge on unpaid client balances by J. Bennett White, P.C. Subsequently, interest charges on this account increased the account balance to $10,930.36 through January, 2015. The charges for February, 2015 and the interest charged for that month increased the account balance to $11,083.20. On March 2, 2015, a payment in the amount of $6,062.86 was applied to the account balance, leaving an unpaid balance in the amount of $5,020.34 as of March 20, 2015. Additional interest charged to the account balance resulted in a balance due, owing, unpaid, and outstanding in the amount of $5,055.01 as of March 20, 2015. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 6**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"Beginning in November, 2010, J. Bennett White, P.C. started working on appealing the ruling of the 12th District Court of Appeals to the Texas Supreme Court. In the Supreme Court matter, the account balance was paid through October 20, 2011. After that time, the unpaid balance on that account increased to $20,038.53, as of May 20, 2012. Subsequently, there have been interest charges, charges for services rendered, and payments received that were credited against the account balance. As of April 20, 2013, the last time any fees were charged to that account, the unpaid balance was $25,773.26. Subsequently, the accrual of interest through February 20, 2015 increased the account balance to $31,114.24. On March 2, 2015, payment in the amount of $23,491.65 was applied to the account balance, leaving an unpaid balance of $7,622.59. On March 20, 2015, an additional interest charge of $19.84 was added to the account, leaving a balance in the amount of $7,642.43, which is currently due, owing, unpaid, and outstanding, as of March 20, 2015. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 7**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"On the Jamestown Insurance matter, Mr. Reeder paid the first invoice in June, 2011. Subsequently, the account balance increased to $24,011.68 through the May 20, 2012 invoice. Since that time, the accrual of interest and charges increased the account balance to $24,294.37 as of September 17, 2012, the last time a payment was applied to this matter. Subsequent accrual of interest charges has increased the account balance to $31,856.53 through March 20, 2015, which amount is due, owing, unpaid, and outstanding. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 8**. All services reflected on that billing summary were reasonable and

necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"On the Reeder v. Fry matter, the account balance was never paid in full from the time that matter was first created. The balance increased to $31,988.39 through August 20, 2014. In September, 2014, payment was applied to the account balance in the amount of $8,582.75, reducing the balance to $23,405.64. Subsequent charges of fees and interest increased the account to $26,044.26 as of October 20, 2014. On November 14, 2014, a payment was applied to the account balance in the amount of $5,779.50, leaving an unpaid balance of $20,264.76. Subsequent accrual of charges for fees and interest raised the account balance to $22,366.80 as of March 20, 2015, which is due, owing, unpaid, and outstanding. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 9**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"On the Jamestown Appeal, the account balance was never paid in full from the time the services were first provided in that matter. Beginning in July, 2012, fees increased the account balance to $24,327.95 through March 20, 2013. Subsequent charges of interest increased the account balance to $30,023.85 as of March 20, 2015, which is due, owing, unpaid, and outstanding. A true and correct copy of a summary of the account activity is attached hereto and incorporated as **Exhibit 10**. All services reflected on that billing summary were reasonable and necessary, and the hourly rates charged for those services conformed to the parties' agreement. The interest charges were also in compliance with the policy stated.

"During the entire period between 2009 and 2014, I had regular discussions with Mr. Reeder about his plans on paying these accumulated balances. He would occasionally remit some payment as the exhibits demonstrate; however, he consistently indicated that he would pay the full amount once the Fry Appeal was completed. Mr. Reeder explained to me that he had substantial real estate holdings to which the land title was encumbered by the judgment lien that had been filed by the judgment creditors on the Wood County Judgment. Mr. Reeder indicated that his borrowing power to provide capital for Clarksville Oil and Gas had been severely undermined by the judgment lien, and that it had left his business operations with far less capital than he had become accustomed to having available to operate. Mr. Reeder assured me that once the appeals were concluded and the judgment liens were removed from his real estate, he would have the ability to borrow the funds needed to pay the unpaid balances in full. In reliance on Mr. Reeder's assurances and promises, J. Bennett White, P.C. continued to provide services in these matters and to allow unpaid balances to increase. The Texas Supreme Court ultimately reversed a substantial

portion of the Wood County Judgment. However, it still took more than a year of additional litigation with the other Wood County parties before the judgment liens were finally released. The final lien releases were provided to Mr. Reeder in either October or November of 2014. At that time, Mr. Reeder assured me that he had a real estate closing scheduled for December, 2014 that would allow the unpaid balances to be paid, in full. On December 3, 2014, I wrote Mr. Reeder a letter to summarize the balances owed on these various matters. A true and correct copy of that letter is attached hereto as **Exhibit 11**.

"The real estate closing was postponed and rescheduled over a period of several months; however, both Mr. Reeder and his agent Barbara Watts kept J. Bennett White, P.C. informed on the progress and status of the closing either by phone or by email. At some time prior to the closing, it was explained to me that the closing on which J. Bennett White, P.C. was awaiting payment was not a transaction in which Mr. Reeder was going to be borrowing money as I had been promised. Instead, he had previously sold a convenience store on a contract for deed, and the buyer was refinancing, leaving Mr. Reeder with the funds needed to retire the balances owed to J. Bennett White, P.C. I was initially assured that the closing was scheduled for January 23, 2015. A true and correct copy of the January 20, 2015 email from Barbara Watts informing of the date of closing is attached hereto as **Exhibit 12**. On January 23, 2015, I was informed by Barbara Watts by email that the buyer elected not to proceed with the closing. A true and correct copy of the January 23rd email is attached hereto as **Exhibit 13**. At that time, I insisted that Mr. Reeder honor this prior commitment to me. Mr. Reeder indicated that there was a chance the buyer would complete that transaction. I again agreed to await payment until that transaction could be consummated. Mr. Reeder continued to keep me informed on the status of the closing. I had approximately 13 phone conversations with Mr. Reeder regarding the status of the closing from January, 2015 until the end of March, 2015. Further on February 27, 2015, Mr. Reeder sent a letter included with a partial payment in which he expressed his hopefulness that the balance owed would soon be paid. A copy of the letter sent by Mr. Reeder is attached hereto as **Exhibit 14**. The closing finally occurred in March, 2015. Once that transaction was completed, I expected Mr. Reeder to make payment in full. On March 23, 2015, Mr. Reeder called and asked to come to my office to settle up his account balances.

"When Mr. Reeder arrived, he met with my legal assistant Twyla Fields and me. In that meeting, he expressed some concerns about certain billing items and indicated that he did not want to have to pay the full balance. In an effort to get the bill reduced, Mr. Reeder raised several complaints. First, he expressed concern about what he thought were duplicate time entries in consecutive months on the Fry Appeal matter. Specifically, he thought that he was charged for the same work done in two consecutive months, May, 2009 and June, 2009. I pulled copies of those invoices and noticed multiple entries for reviewing the clerk's record and the reporter's record. I explained to Mr. Reeder that the billing records indicated that my associate at the time, Chris Massey, was taking the

steps necessary to commence preparation of the appellate brief. I reminded Mr. Reeder that since my firm had not been involved in the trial in Wood County, the entire transcript had to be read in order to prepare the statement of facts portion of the appellant brief. I also reminded Mr. Reeder that the trial had been lengthy with a large number of exhibits -- which all had to be reviewed as well. I assured him that anyone handling an appeal of that judgment would have had to do all the same work and would have charged him for that time, just as we had.

"Mr. Reeder then faulted the result from the initial appeal and stated that the only work that accomplished anything was the work that was done at the Texas Supreme Court. He did concede that the results there were positive, but he attributed that work to the lawyers at Locke Lord Bissell & Liddell, LLP, which served as lead attorneys during the Supreme Court appeal.

"However, Mr. Reeder also agreed with me that the Supreme Court ultimately vindicated the position we had taken with the Court of Appeals. I corrected Mr. Reeder's belief that Locke Lord handled the entire proceeding before the Supreme Court. I pulled up a copy of the original petition for review filed with the Supreme Court and showed to him that the only attorneys on that petition were those attorneys associated with J. Bennett White, P.C. I reminded him that Locke Lord was not willing to be hired unless the Supreme Court either granted the petition or requested briefing on the merits. The Supreme Court eventually granted the petition and Locke Lord then made its appearance for purposes of drafting the principal brief and participating in oral argument; however, the initial petition for review was drafted and filed by J. Bennett White, P.C.

"Mr. Reeder then insisted that with all the money that he had paid, the balance he currently owes should just be forgiven. In making this point, Mr. Reeder chose to aggregate the payments he had made with all the payments made by Clarksville Oil & Gas and its affiliated companies. I reminded him that nonpayment for work performed was not our deal. I did not dispute that Clarksville Oil and Gas had paid J. Bennett White, P.C. a substantial amount of money, but I assured him that all money was paid in exchange for services that were already provided to Clarksville Oil and Gas. There had never been any agreement to provide services for free or to waive fees or charges that were legitimately incurred on his behalf. He then stated that the closing had simply not produced enough funds to pay the entire balance, but that he still did not believe that the balances that were reflected on our accounts were accurate. I told him that my office would reconcile the account balances with his records and would coordinate with his staff to get that done.

"Over the next week, my office spent approximately 26 hours reconstructing all the billing records and reconciling the allocation of payments between the way that the payments were applied by J. Bennett White, P.C. and the way that the payments were shown to have been applied by Clarksville Oil

and Gas and the other related and affiliated entities under Mr. Reeder's control.

"During that time, I had phone conversations with Barbara Watts concerning the joint effort between her office and J. Bennett White, P.C. to reconcile the balances owed. Eventually, she confirmed that all the funds they showed having paid had been applied and credit given by J. Bennett White, P.C. There has been no indication that any payments made by Reeder or any of the affiliated companies have not been applied to the account balances and reflected in the total balances currently owed.

"Once we accomplished the reconciliation of all the account balances, I then reminded Mr. Reeder he had at all times promised to settle up and pay once the liens were released from the real estate and that since that had been done, I expected full payment. He insisted that he did not believe he should be required to pay and invited me to file this present lawsuit against him if we were inclined to try to collect the full balance owed.

"The services reflected by the unpaid invoices were all provided in the zealous representation of Mr. Reeder. All legal services provided Mr. Reeder by J. Bennett White, P.C. were necessary. I am familiar with the rates charged for legal services in the Smith County area for representation of the type provided Mr. Reeder. The rates charged for the services depicted on those invoices are reasonable.

"Plaintiff has previously made demand on Defendant for payment of the outstanding unpaid balance. Attached and incorporated as **Exhibit 15** is a true and correct copy of a letter by which Plaintiff presented Defendant with the account balance for payment. More than 30 days has elapsed since the account was presented for payment; however, payment for the balance owed has not been tendered by Defendant.

"The law firm of J. BENNETT WHITE, P.C. was retained by the Plaintiff in order to collect the claim on which this suit is based. The actions taken by the retained law firm in order to pursue this claim have been necessary, and the sum of $30,000 is reasonable compensation for its services."

Further Affiant sayeth not.

_____
J. BENNETT WHITE

SIGNED AND SWORN TO BEFORE ME this 19th day of June, 2015.

SUSAN KAY GARDNER
Notary Public
STATE OF TEXAS
My Comm. Exp. June 16, 2018

_____
Notary Public – State of Texas

# EXHIBIT 1

0029

Long before I started my own law firm, I rejected the practice used by many law firms of passing on charges for often insignificant items such as long distance, faxes, and small quantities of copies. In my opinion, the rates and fees charged are high enough that there should not be an incentive to "nickel and dime" clients at every opportunity. In keeping with this belief, I have always resisted the temptation to charge late fees or interest on past-due bills. However, I have come to realize that it is unfair to the vast majority of clients who pay in a timely manner for those clients who do not to only be charged the same amount as if they paid on time, regardless of how late they actually remit payment.

There is no doubt that we all expect to be charged late fees, interest, or both by our vendors. This notice is to inform you that I will be adopting that practice in the near future. My current plan is to charge 1 percent (1%) per month (12% annual percentage rate) on any amounts not paid in the initial billing cycle. For most of you, this change will not be of any consequence. For those of you that will incur a finance charge, I hope you recognize that this charge is still considerably less than the interest that most every other vendor will charge for late payment.

You are always welcome to pay by credit card. Any time you wish to do so, just call Kim Ortiz and provide her with your information. Also, we are in the process of adding a online payment feature to our website. I will provide you with another notification when that has been completed.

Thank you very much for your patronage. I remain honored and humbled by the opportunity to represent you. I take great pride in your willingness to trust us to offer assistance in addressing your legal needs. Though there are times when we are all frustrated by disproportionate legal fees, we constantly strive to be good stewards of your resources. Please share any suggestions you have as to how we could improve the service we provide.

# EXHIBIT 2

J. Bennett White, P.C.

P. O. Box 6250
Tyler, TX 75711
(903) 597-4300
(903) 597-4330 Fax

Tax ID: 20-4230158

May 20, 2012

Mr. Wendell Reeder                                      Terms:  Net 25
PO Box 1208
Clarksville, TX 75426

*Consolidated Summary*

| | Invoice No. | New Charges | Previous Balance | Payments | Amount Due |
|---|---|---|---|---|---|
| Reeder, Wendell (General) | 12713 | $0.00 | $8,377.32 | $0.00 | $8,377.32 |
| Reeder, Wendell (Forest Hill / Harris Sand Unit) | 12714 | $0.00 | $1,792.25 | $0.00 | $1,792.25 |
| Reeder, Wendell (Jamestown Ins. Co. v.) | 12715 | $4,729.22 | $19,282.46 | $0.00 | $24,011.68 |
| Reeder, Wendell (v. Fry et al) | 12716 | $3,124.00 | $7,271.00 | $0.00 | $10,395.00 |
| Reeder, Wendell (v. Fry et al) (Appeal - Supreme Court) | 12717 | $0.00 | $20,038.53 | $0.00 | $20,038.53 |
| Reeder, Wendell (v. Fry et al) (Appeal) | 12718 | $0.00 | $91,540.57 | $0.00 | $91,540.57 |
| Totals | | $7,853.22 | $148,302.13 | $0.00 | $156,155.35 |

To ensure proper credit, please remit payment by the 10th of the month.  All
past due balances shall be charged interest at the rate of 12% per annum,
compounded monthly.

# EXHIBIT 3

# J. Bennett White, P.C.

P. O. Box 6250
Tyler, TX 75711
(903) 597-4300
(903) 597-4330 fax

Tax ID: 20-4230158

June 20, 2012

Mr. Wendell Reeder
PO Box 1208
Clarksville, TX 75426

Terms: 2% 15 (new fees only),
net 25

## Consolidated Summary

| | Invoice No. | New Charges | Previous Balance | Payments | Amount Due |
|---|---|---|---|---|---|
| Reeder, Wendell (General) | 13008 | $86.59 | $8,377.32 | $0.00 | $8,463.91 |
| Reeder, Wendell (Forest Hill / Harris Sand Unit) | 13009 | $183.88 | $1,792.25 | $0.00 | $1,976.13 |
| Reeder, Wendell (Jamestown Ins. Co. v.) | 13010 | $494.22 | $24,011.68 | $0.00 | $24,505.90 |
| Reeder, Wendell (v. Fry et al) | 13011 | $884.77 | $10,395.00 | $0.00 | $11,279.77 |
| Reeder, Wendell (v. Fry et al) (Appeal – Supreme Court) | 13012 | $1,669.20 | $20,038.53 | $0.00 | $21,707.73 |
| Reeder, Wendell (v. Fry et al) (Appeal) | 13013 | $946.16 | $91,540.57 | $0.00 | $92,486.73 |
| Totals | | $4,264.82 | $156,155.35 | $0.00 | $160,420.17 |

To ensure proper credit, please remit payment by the 10th of the month. All
past due balances shall be charged interest at the rate of 12% per annum,
compounded monthly.

# EXHIBIT 4

J. Bennett White, P.C.

## Client Ledger Report

Date Printed 6/19/2015
Time Printed 4:05AM
Printed By: JBW

1 Tagged    Record

| Matter Reference | | | | | Client Name | | | Originating | | Responsible | |
| Date | Type | Account | Number | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Reader, Wendell (v. Fry et al) (Appeal) | | 03-1052 | | | Reader, Wendell | | JBW | | | JBW |
| Beginning Balance | | | | 0.00 | | | | | | |
| 6/20/2008 Invoice | | | 95 | 5,616.75 | 5,166.25 | 450.50 | 0.00 | 0.00 | 0.00 | $5,616.75 |
| 7/02/2008 Payment | | GEN | 4851 | (5,616.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 7/20/2008 Invoice | | | 300 | 3,824.75 | 3,503.75 | 321.00 | 0.00 | 0.00 | 0.00 | $3,824.75 |
| 7/30/2008 Payment | | GEN | 4932 | (3,824.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 8/20/2008 Invoice | | | 507 | 4,456.75 | 4,411.25 | 45.50 | 0.00 | 0.00 | 0.00 | $4,456.75 |
| 9/05/2008 Payment | | GEN | 5035 | (4,456.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 9/20/2008 Invoice | | | 826 | 5,227.50 | 5,227.50 | 0.00 | 0.00 | 0.00 | 0.00 | $5,227.50 |
| 10/14/2008 Payment | | GEN | 5050 | (5,227.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 10/20/2008 Invoice | | | 1175 | 3,681.50 | 3,677.50 | 4.00 | 0.00 | 0.00 | 0.00 | $3,681.50 |
| 10/27/2008 Payment | | GEN | 1141 | (3,681.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 11/20/2008 Invoice | | | 1540 | 2,064.50 | 2,064.50 | 0.00 | 0.00 | 0.00 | 0.00 | $2,064.50 |
| 1/20/2009 Invoice | | | 1791 | 2,408.00 | 2,408.00 | 0.00 | 0.00 | 0.00 | 0.00 | $4,472.50 |
| 1/20/2009 Invoice | | | 1970 | 227.50 | 227.50 | 0.00 | 0.00 | 0.00 | 0.00 | $4,700.00 |
| 2/20/2009 Invoice | | | 2264 | 2,218.75 | 2,208.75 | 10.00 | 0.00 | 0.00 | 0.00 | $6,918.75 |
| 2/27/2009 Payment | | GEN | 1573 | (4,700.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $2,218.75 |
| 3/12/2009 Payment | | GEN | 5110 | (2,218.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 3/20/2009 Invoice | | | 2497 | 1,220.00 | 1,220.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,220.00 |
| 4/20/2009 Invoice | | | 2817 | 7,787.50 | 7,787.50 | 0.00 | 0.00 | 0.00 | 0.00 | $8,977.50 |
| 5/14/2009 Payment | | GEN | 5119 | (1,220.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $7,787.50 |
| 5/20/2009 Payment | | GEN | 5136 | (7,787.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 5/20/2009 Invoice | | | 3110 | 13,582.50 | 13,562.50 | 20.00 | 0.00 | 0.00 | 0.00 | $13,582.50 |
| 6/20/2009 Invoice | | | 5303 | 20,231.25 | 20,221.25 | 10.00 | 0.00 | 0.00 | 0.00 | $33,813.75 |
| 7/03/2009 Payment | | GEN | 1802 | (13,582.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,231.25 |
| 7/20/2009 Invoice | | | 3537 | 24,577.27 | 24,222.50 | 354.77 | 0.00 | 0.00 | 0.00 | $44,808.52 |
| 8/20/2009 Invoice | | | 3966 | 563.75 | 563.75 | 0.00 | 0.00 | 0.00 | 0.00 | $45,372.27 |
| 9/20/2009 Payment | | GEN | 2097 | (563.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $44,808.52 |
| 9/20/2009 Invoice | | | 4228 | 665.00 | 665.00 | 0.00 | 0.00 | 0.00 | 0.00 | $45,473.52 |
| 10/20/2009 Invoice | | | 4411 | 540.00 | 540.00 | 0.00 | 0.00 | 0.00 | 0.00 | $45,913.52 |
| 11/20/2009 Payment | | GEN | 5197 | (665.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $45,148.52 |
| 11/20/2009 Payment | | GEN | 5201 | (540.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $44,808.52 |
| 11/20/2009 Invoice | | | 4745 | 3,207.50 | 3,197.50 | 10.00 | 0.00 | 0.00 | 0.00 | $48,016.02 |
| 12/20/2009 Invoice | | | 4876 | 6,232.50 | 6,212.50 | 20.00 | 0.00 | 0.00 | 0.00 | $54,248.52 |
| 1/20/2010 Payment | | GEN | 5126 | (3,207.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $51,041.02 |
| 1/20/2010 Invoice | | | 5141 | 12,524.81 | 12,367.50 | 157.31 | 0.00 | 0.00 | 0.00 | $53,565.83 |
| 2/20/2010 Invoice | | | 5074 | 1,141.25 | 1,121.25 | 20.00 | 0.00 | 0.00 | 0.00 | $54,707.08 |

Page 1

0036

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/18/2015
Time Printed: 4:03AM
Printed By: JBW

1 Tagged  Record

Matter Reference

| Date | Type | Number | Matter No / Account | Client Name | Amount | Fees | Expenses | Client No / Taxes | Originating / Interest | Responsible / Fin.Chg | Balance |
|------|------|--------|------|------|------|------|------|------|------|------|------|
| 3/20/2010 | Invoice | 5577 | | | 6,252.00 | 6,242.00 | 10.00 | 0.00 | 0.00 | 0.00 | $70,990.38 |
| 4/20/2010 | Invoice | 5367 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $70,955.98 |
| 5/20/2010 | Invoice | 6238 | | | 4,492.42 | 4,470.00 | 22.42 | 0.00 | 0.00 | 0.00 | $75,461.50 |
| 6/20/2010 | Invoice | 6501 | | | 3,947.25 | 3,926.25 | 19.00 | 0.00 | 0.00 | 0.00 | $79,938.75 |
| 7/20/2010 | Invoice | 8711 | | | 6,170.00 | 6,170.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,906.75 |
| 8/20/2010 | Invoice | 7304 | | | 3,529.75 | 3,514.75 | 15.00 | 0.00 | 0.00 | 0.00 | $89,098.50 |
| 9/20/2010 | Invoice | 7363 | | | 40.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | $89,138.50 |
| 10/20/2010 | Invoice | 7468 | | | 881.96 | 852.50 | 29.46 | 0.00 | 0.00 | 0.00 | $90,000.46 |
| 11/20/2010 | Invoice | 7838 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $90,000.46 |
| 12/15/2010 | Payment | 8340 | GEN | | (5,000.00) | | | | | | $85,000.46 |
| 12/20/2010 | Invoice | 3579 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 1/20/2011 | Invoice | 8200 | | | 0.00 | 0.00 | 3.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 2/20/2011 | Invoice | 8579 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 3/20/2011 | Invoice | 8831 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 4/20/2011 | Invoice | 9160 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 5/20/2011 | Invoice | 9492 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 6/20/2011 | Invoice | 9597 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 7/20/2011 | Invoice | 9927 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 8/20/2011 | Invoice | 10222 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 9/20/2011 | Invoice | 10464 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 10/20/2011 | Invoice | 10856 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 11/20/2011 | Invoice | 11031 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 12/20/2011 | Invoice | 11321 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 1/20/2012 | Invoice | 11650 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $85,000.46 |
| 2/20/2012 | Invoice | 11935 | | | 5,572.09 | 5,321.75 | 250.34 | 0.00 | 0.00 | 0.00 | $90,572.57 |
| 3/20/2012 | Invoice | 12110 | | | 968.00 | 948.00 | 20.00 | 0.00 | 0.00 | 0.00 | $91,540.57 |
| 4/20/2012 | Invoice | 12391 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $91,540.57 |
| 5/20/2012 | Invoice | 12778 | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $91,540.57 |
| 6/20/2012 | Invoice | 13013 | | | 946.16 | 0.00 | 0.00 | 0.00 | 946.16 | 0.00 | $92,486.73 |
| 7/20/2012 | Invoice | 13203 | | | 915.67 | 0.00 | 0.00 | 0.00 | 915.67 | 0.00 | $93,402.40 |
| 8/03/2012 | Payment | 4042 | GEN | | (946.16) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $92,456.24 |
| 8/20/2012 | Invoice | 13257 | | | 946.16 | 0.00 | 0.00 | 0.00 | 946.16 | 0.00 | $93,402.40 |
| 8/17/2012 | Payment | 4106 | GEN | | (915.67) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $92,486.73 |
| 9/20/2012 | Invoice | 13542 | | | 946.16 | 0.00 | 0.00 | 0.00 | 946.16 | 0.00 | $93,432.89 |
| 10/20/2012 | Invoice | 13743 | | | 915.67 | 0.00 | 0.00 | 0.00 | 915.67 | 0.00 | $94,348.56 |
| 11/20/2012 | Invoice | 13818 | | | 946.16 | 0.00 | 0.00 | 0.00 | 946.16 | 0.00 | $95,294.72 |
| 12/20/2012 | Invoice | 14128 | | | 915.67 | 0.00 | 0.00 | 0.00 | 915.67 | 0.00 | $96,210.39 |

Page 2

0037

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:03 AM
Printed By: JBW

Matter Reference

| Date | Type | Number | Account | Client Name | Matter No | Amount | Fees | Expenses | Taxes | Originating Interest | Client No | Responsible FinOrg | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/03/2013 Payment | 4266 | | GEN | | | (5,000.00) | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 | $81,210.39 |
| 1/20/2013 Invoice | 14215 | | | | | 927.82 | 0.00 | 0.00 | 0.00 | 927.82 | | 0.00 | $82,138.21 |
| 2/20/2013 Invoice | 14453 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $83,032.69 |
| 3/20/2013 Invoice | 14657 | | | | | 807.93 | 0.00 | 0.00 | 0.00 | 807.93 | | 0.00 | $83,840.62 |
| 4/20/2013 Invoice | 14785 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $84,735.10 |
| 5/20/2013 Invoice | 15050 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $85,600.75 |
| 6/20/2013 Invoice | 15268 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $86,495.23 |
| 7/20/2013 Invoice | 15342 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $87,360.88 |
| 8/20/2013 Invoice | 15650 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $88,255.36 |
| 9/20/2013 Invoice | 15753 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $89,149.84 |
| 10/20/2013 Invoice | 15006 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $100,015.49 |
| 11/20/2013 Invoice | 16283 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $100,909.97 |
| 12/20/2013 Invoice | 16439 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $101,775.62 |
| 1/20/2014 Invoice | 16840 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $102,670.10 |
| 2/20/2014 Invoice | 16824 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $103,564.58 |
| 3/20/2014 Invoice | 16972 | | | | | 807.93 | 0.00 | 0.00 | 0.00 | 807.93 | | 0.00 | $104,372.51 |
| 4/20/2014 Invoice | 17151 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $105,266.99 |
| 5/20/2014 Invoice | 17336 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $106,132.64 |
| 6/20/2014 Invoice | 17491 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $107,027.12 |
| 7/20/2014 Invoice | 17722 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $107,892.77 |
| 8/20/2014 Invoice | 17781 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $108,787.25 |
| 9/20/2014 Invoice | 17958 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $109,681.73 |
| 10/20/2014 Invoice | 18108 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $110,547.38 |
| 11/20/2014 Invoice | 18227 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $111,441.86 |
| 12/20/2014 Invoice | 18404 | | | | | 865.65 | 0.00 | 0.00 | 0.00 | 865.65 | | 0.00 | $112,307.51 |
| 1/20/2015 Invoice | 18677 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $113,201.99 |
| 2/20/2015 Invoice | 18752 | | | | | 894.48 | 0.00 | 0.00 | 0.00 | 894.48 | | 0.00 | $114,096.47 |
| 3/20/2015 Invoice | 18990 | | | | | 807.93 | 0.00 | 0.00 | 0.00 | 807.93 | | 0.00 | $114,904.40 |

0038

# EXHIBIT 5

J. Bennett White, P.C.

## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:04AM
Printed By:   JBW

| Matter Reference | | | | | | Client Name | | | | Responsible | |
| Date | Type | Number | Account | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Reeder, Wendell (Forest Hill / Harris Sand Unit)-4164 | | | | | | | | | JBW | |
| Beginning Balance | | | | 0.00 | | | | | | |
| 11/20/2008 Invoice | | 1639 | | 1,886.25 | 1,886.25 | 0.00 | 0.00 | 0.00 | 0.00 | $1,886.25 |
| 12/20/2008 Invoice | | 1790 | | 4,895.64 | 4,777.80 | 11.84 | 0.00 | 0.00 | 0.00 | $6,781.89 |
| 1/20/2009 Invoice | | 1989 | | 112.72 | 75.00 | 37.72 | 0.00 | 0.00 | 0.00 | $6,894.61 |
| 2/20/2009 Invoice | | 2283 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $6,894.61 |
| 2/27/2009 Payment | | 1573 | GEN | (6,894.61) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 3/20/2009 Invoice | | 2486 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 4/20/2009 Invoice | | 2816 | | 53.75 | 53.75 | 0.00 | 0.00 | 0.00 | 0.00 | $53.75 |
| 5/20/2009 Invoice | | 3108 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $53.75 |
| 5/20/2009 Payment | | 5138 | GEN | (53.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 9/20/2010 Invoice | | 7002 | | 1,591.25 | 1,591.25 | 0.00 | 0.00 | 0.00 | 0.00 | $1,591.25 |
| 9/20/2010 Invoice | | 7361 | | 2,428.50 | 2,428.50 | 0.00 | 0.00 | 0.00 | 0.00 | $4,019.75 |
| 10/20/2010 Invoice | | 7497 | | 416.25 | 416.25 | 0.00 | 0.00 | 0.00 | 0.00 | $4,436.00 |
| 11/20/2010 Invoice | | 7533 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $4,436.00 |
| 12/20/2010 Invoice | | 8073 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $4,436.00 |
| 1/20/2011 Invoice | | 8197 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $4,436.00 |
| 2/20/2011 Invoice | | 8575 | | 652.50 | 652.50 | 0.00 | 0.00 | 0.00 | 0.00 | $5,088.50 |
| 3/20/2011 Payment | | 8081 | GEN | (4,838.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $249.75 |
| 3/20/2011 Invoice | | 8926 | | 112.50 | 112.50 | 0.00 | 0.00 | 0.00 | 0.00 | $362.25 |
| 4/18/2011 Payment | | 9211 | GEN | (362.25) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 4/20/2011 Invoice | | 9157 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 5/20/2011 Invoice | | 9483 | | 67.50 | 67.50 | 0.00 | 0.00 | 0.00 | 0.00 | $67.50 |
| 5/20/2011 Payment | | 9526 | GEN | (67.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 6/20/2011 Invoice | | 9594 | | 146.50 | 146.50 | 0.00 | 0.00 | 0.00 | 0.00 | $146.50 |
| 7/20/2011 Invoice | | 9924 | | 528.75 | 528.75 | 0.00 | 0.00 | 0.00 | 0.00 | $675.25 |
| 8/20/2011 Invoice | | 10219 | | 471.25 | 471.25 | 0.00 | 0.00 | 0.00 | 0.00 | $1,146.50 |
| 9/01/2011 Payment | | 9452 | GEN | (528.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $617.75 |
| 8/20/2011 Invoice | | 10461 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $617.75 |
| 10/20/2011 Invoice | | 10953 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $617.75 |
| 11/20/2011 Invoice | | 11028 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $617.75 |
| 12/20/2011 Invoice | | 11517 | | 765.00 | 765.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,382.75 |
| 1/20/2012 Invoice | | 11648 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,385.75 |
| 2/20/2012 Invoice | | 11931 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,385.75 |
| 3/20/2012 Invoice | | 12111 | | 142.50 | 142.50 | 0.00 | 0.00 | 0.00 | 0.00 | $1,528.25 |
| 4/20/2012 Invoice | | 12387 | | 264.00 | 264.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,792.25 |
| 5/20/2012 Invoice | | 12714 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,792.25 |

Page 1

0040

J. Bennett White, P.C.

## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4.34AM
Printed By:  JBW

†Tagged   Record

Matter Reference

| Date | Type | Client Name | Matter No | Account | Number | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
|------|------|-------------|-----------|---------|--------|--------|------|----------|-------|----------|--------|---------|
| 6/20/2012 | Invoice | | | | 13909 | 163.55 | 163.55 | 0.00 | 0.00 | 15.88 | 0.00 | $1,976.19 |
| 7/20/2012 | Invoice | | | | 15198 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $1,994.05 |
| 8/03/2012 | Payment | | | GEN | 4942 | (163.55) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,819.18 |
| 8/20/2012 | Invoice | | | | 15282 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,828.70 |
| 9/17/2012 | Payment | | | GEN | 4105 | (17.93) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,810.77 |
| 9/20/2012 | Invoice | | | | 15557 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,829.29 |
| 10/20/2012 | Invoice | | | | 15798 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $1,847.22 |
| 11/20/2012 | Invoice | | | | 13813 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,865.74 |
| 12/20/2012 | Invoice | | | | 14123 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $1,883.67 |
| 1/20/2013 | Invoice | | | | 14210 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,902.19 |
| 2/20/2013 | Invoice | | | | 14473 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,920.71 |
| 3/20/2013 | Invoice | | | | 14662 | 16.73 | 0.00 | 0.00 | 0.00 | 16.73 | 0.00 | $1,937.44 |
| 4/20/2013 | Invoice | | | | 14780 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,955.96 |
| 5/20/2013 | Invoice | | | | 15045 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $1,973.89 |
| 6/20/2013 | Invoice | | | | 15254 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $1,992.41 |
| 7/20/2013 | Invoice | | | | 15337 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,010.34 |
| 8/20/2013 | Invoice | | | | 15843 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,028.86 |
| 9/20/2013 | Invoice | | | | 15748 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,047.38 |
| 10/10/2013 | Invoice | | | | 16003 | 17.95 | 0.00 | 0.00 | 0.00 | 17.95 | 0.00 | $2,065.31 |
| 11/20/2013 | Invoice | | | | 15263 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,083.85 |
| 12/20/2013 | Invoice | | | | 16494 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,101.78 |
| 1/20/2014 | Invoice | | | | 16638 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,120.28 |
| 2/20/2014 | Invoice | | | | 16815 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,138.80 |
| 3/20/2014 | Invoice | | | | 16968 | 16.73 | 0.00 | 0.00 | 0.00 | 16.73 | 0.00 | $2,155.53 |
| 4/20/2014 | Invoice | | | | 17156 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,174.05 |
| 5/20/2014 | Invoice | | | | 17333 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,191.98 |
| 6/20/2014 | Invoice | | | | 17486 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,210.50 |
| 7/20/2014 | Invoice | | | | 17717 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,228.43 |
| 8/20/2014 | Invoice | | | | 17776 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,246.95 |
| 9/20/2014 | Invoice | | | | 17863 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,265.47 |
| 10/20/2014 | Invoice | | | | 18103 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,283.40 |
| 11/20/2014 | Invoice | | | | 18222 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,301.92 |
| 12/20/2014 | Invoice | | | | 18399 | 17.93 | 0.00 | 0.00 | 0.00 | 17.93 | 0.00 | $2,319.85 |
| 1/20/2015 | Invoice | | | | 18672 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,338.37 |
| 2/20/2015 | Invoice | | | | 18777 | 18.52 | 0.00 | 0.00 | 0.00 | 18.52 | 0.00 | $2,356.89 |
| 3/02/2015 | Payment | | | GEN | 1053 | (1,611.94) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $744.95 |
| 3/20/2015 | Invoice | | | | 18565 | 3.13 | 0.00 | 0.00 | 0.00 | 3.13 | 0.00 | $748.08 |

0041

# EXHIBIT 6

# J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:04 AM
Printed By: JBW

| Date | Type | Number | Matter No | Account | Client Name | Amount | Fees | Expenses | Taxes | Interest | Fin/Org | Responsible | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 03-1086 | | Reader, Wendell | | | | JBW | | JBW | | |
| **Reader, Wendell (General)** | | | | | | | | | | | | | |
| **Beginning Balance** | | | | | | 0.00 | | | | | | | |
| 6/20/2008 | Invoice | 94 | | | | 357.50 | 357.50 | 0.00 | 0.00 | 0.00 | 0.00 | | $357.50 |
| 7/20/2008 | Invoice | 299 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $357.50 |
| 7/30/2008 | Payment | 4992 | | GEN | | (357.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 8/20/2008 | Invoice | 508 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 9/20/2008 | Invoice | 524 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 10/20/2008 | Invoice | 1174 | | | | 556.25 | 556.25 | 0.00 | 0.00 | 0.00 | 0.00 | | $556.25 |
| 10/27/2008 | Payment | 1141 | | GEN | | (556.25) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 11/20/2008 | Invoice | 1638 | | | | 675.25 | 675.25 | 0.00 | 0.00 | 0.00 | 0.00 | | $675.25 |
| 12/19/2008 | Payment | 33687 | | GEN | | (675.25) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 12/20/2008 | Invoice | 1739 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 1/20/2009 | Invoice | 1968 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 2/20/2009 | Invoice | 2252 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 3/20/2009 | Invoice | 2495 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 4/20/2009 | Invoice | 2815 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 5/20/2009 | Invoice | 3107 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 6/20/2009 | Invoice | 3301 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 7/20/2009 | Invoice | 5888 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 8/20/2009 | Invoice | 3994 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 9/20/2009 | Invoice | 4221 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 10/20/2009 | Invoice | 4408 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 11/20/2009 | Invoice | 4713 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 12/20/2009 | Invoice | 4874 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 1/20/2010 | Invoice | 5109 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 2/20/2010 | Invoice | 5372 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 3/20/2010 | Invoice | 5675 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 4/20/2010 | Invoice | 5885 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 5/20/2010 | Invoice | 6237 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 6/20/2010 | Invoice | 6499 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 7/20/2010 | Invoice | 6709 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 8/20/2010 | Invoice | 7001 | | | | 45.00 | 45.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $45.00 |
| 9/20/2010 | Invoice | 7300 | | | | 1,630.00 | 1,630.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,675.00 |
| 10/20/2010 | Invoice | 7465 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,675.00 |
| 11/20/2010 | Invoice | 7832 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,675.00 |
| 12/20/2010 | Invoice | 8072 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,675.00 |
| 1/20/2011 | Invoice | 8199 | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,675.00 |

Page   1

0043

Ledger : Record

J. Bennett White, P.C.
Client Ledger Report

Date Printed: 6/12/2015
Time Printed: 4:04 AM
Printed By: JBW

Client Name                Matter No    Client No            Originating        Responsible

| Date | Type | Account | Number | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/20/2011 Invoice | | 8574 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,572.00 |
| 3/21/2011 Invoice | | 8937 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $1,873.00 |
| 4/19/2011 Payment | GEN | 9241 | (1,873.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 4/20/2011 Invoice | | 9155 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 5/20/2011 Invoice | | 9482 | 434.25 | 434.25 | 0.00 | 0.00 | 0.00 | 0.00 | $434.25 |
| 6/03/2011 Payment | GEN | 3326 | (434.25) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 6/20/2011 Invoice | | 9693 | 2,523.25 | 2,523.25 | 0.00 | 0.00 | 0.00 | 0.00 | $2,523.25 |
| 7/01/2011 Apply Funds to AR | TRST | 9923 | (379.18) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $2,144.07 |
| 7/20/2011 Invoice | | 9923 | 2,326.59 | 2,285.75 | 40.84 | 0.00 | 0.00 | 0.00 | $4,470.66 |
| 8/20/2011 Invoice | | 10218 | 3,920.25 | 3,789.25 | 131.00 | 0.00 | 0.00 | 0.00 | $8,390.91 |
| 9/01/2011 Payment | GEN | 3451 | (2,326.59) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $6,064.32 |
| 9/20/2011 Invoice | | 10480 | 1,910.50 | 1,919.50 | 91.00 | 0.00 | 0.00 | 0.00 | $7,974.82 |
| 10/20/2011 Payment | GEN | 3560 | (1,910.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $6,064.32 |
| 10/20/2011 Invoice | | 10682 | 822.50 | 822.50 | 0.00 | 0.00 | 0.00 | 0.00 | $6,886.82 |
| 11/20/2011 Invoice | | 11027 | 2,313.00 | 2,124.00 | 189.00 | 0.00 | 0.00 | 0.00 | $9,199.82 |
| 11/20/2011 Payment | GEN | 3632 | (822.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 12/20/2011 Invoice | | 11316 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 1/20/2012 Invoice | | 11545 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 2/20/2012 Invoice | | 11920 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 3/20/2012 Invoice | | 12110 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 4/20/2012 Invoice | | 12366 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 5/20/2012 Invoice | | 12719 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,377.32 |
| 6/20/2012 Invoice | | 13008 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,463.91 |
| 7/20/2012 Invoice | | 13157 | 83.80 | 0.00 | 0.00 | 0.00 | 83.80 | 0.00 | $8,547.71 |
| 8/06/2012 Payment | GEN | 4042 | (86.59) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,461.12 |
| 8/20/2012 Invoice | | 13281 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,547.71 |
| 9/17/2012 Payment | GEN | 4106 | (83.80) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $8,463.91 |
| 9/20/2012 Invoice | | 13539 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,550.50 |
| 10/20/2012 Invoice | | 13797 | 83.80 | 0.00 | 0.00 | 0.00 | 83.80 | 0.00 | $8,634.30 |
| 11/20/2012 Invoice | | 13912 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,720.89 |
| 12/20/2012 Invoice | | 14122 | 83.80 | 0.00 | 0.00 | 0.00 | 83.80 | 0.00 | $8,804.69 |
| 1/20/2013 Invoice | | 14308 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,891.28 |
| 2/20/2013 Invoice | | 14477 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $8,977.87 |
| 3/20/2013 Invoice | | 14681 | 78.21 | 0.00 | 0.00 | 0.00 | 78.21 | 0.00 | $9,056.08 |
| 4/20/2013 Invoice | | 14759 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $9,142.67 |
| 5/20/2013 Invoice | | 15044 | 83.80 | 0.00 | 0.00 | 0.00 | 83.80 | 0.00 | $9,226.47 |
| 6/20/2013 Invoice | | 15263 | 86.59 | 0.00 | 0.00 | 0.00 | 86.59 | 0.00 | $9,313.06 |

Page 2

0044

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/18/2015
Time Printed: 10:44AM
Printed By:   JBW

1 Tasses   Record

Matter Reference

| Date | Type | Matter No | Account | Client Name | Number | Amount | Fees | Expenses | Taxes | Ordinance | Taxes | Interest | FutChg | Balance |
|------|------|-----------|---------|-------------|--------|--------|------|----------|-------|-----------|-------|----------|--------|---------|
| 7/20/2013 | Invoice | | | | 15339 | 83.60 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.60 | 0.00 | $9,396.95 |
| 8/20/2013 | Invoice | | | | 15647 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $9,483.45 |
| 9/20/2013 | Invoice | | | | 15747 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $9,570.04 |
| 10/20/2013 | Invoice | | | | 16000 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $9,653.84 |
| 11/20/2013 | Invoice | | | | 16262 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $9,740.43 |
| 12/20/2013 | Invoice | | | | 16433 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $9,824.23 |
| 1/20/2014 | Invoice | | | | 16637 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $9,910.82 |
| 2/20/2014 | Invoice | | | | 16818 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $8,997.41 |
| 3/20/2014 | Invoice | | | | 16987 | 78.21 | 0.00 | 0.00 | 0.00 | | 0.00 | 78.21 | 0.00 | $10,075.62 |
| 4/20/2014 | Invoice | | | | 17155 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $10,162.21 |
| 5/20/2014 | Invoice | | | | 17332 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $10,246.01 |
| 6/20/2014 | Invoice | | | | 17495 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $10,332.60 |
| 7/20/2014 | Invoice | | | | 17716 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $10,416.40 |
| 8/20/2014 | Invoice | | | | 17775 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $10,502.99 |
| 9/20/2014 | Invoice | | | | 17982 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $10,589.58 |
| 10/20/2014 | Invoice | | | | 18102 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $10,673.38 |
| 11/20/2014 | Invoice | | | | 18221 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $10,759.97 |
| 12/20/2014 | Invoice | | | | 18398 | 83.80 | 0.00 | 0.00 | 0.00 | | 0.00 | 83.80 | 0.00 | $10,843.77 |
| 1/20/2015 | Invoice | | | | 18671 | 86.59 | 0.00 | 0.00 | 0.00 | | 0.00 | 86.59 | 0.00 | $10,930.36 |
| 2/20/2015 | Invoice | | | | 18776 | 152.34 | 66.25 | 0.00 | 0.00 | | 0.00 | 83.59 | 0.00 | $11,082.20 |
| 3/02/2015 | Payment | GEN | | | 1053 | (6,062.86) | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | $5,020.34 |
| 3/20/2015 | Invoice | | | | 18994 | 34.67 | 0.00 | 0.00 | 0.00 | | 0.00 | 34.67 | 0.00 | $5,055.01 |

TRST Beginning Balance

| Date | Type | Matter No | Account | Client Name | Number | Amount | Fees | Expenses | Taxes | Ordinance | Taxes | Interest | FutChg | Balance |
|------|------|-----------|---------|-------------|--------|--------|------|----------|-------|-----------|-------|----------|--------|---------|
| | | | | | | 0.00 | | | | | | | | |
| 7/01/2011 | Fund to Fund Transfer | TRST | | | | 379.18 | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | $379.18 |
| 7/01/2011 | Apply Funds to AR | TRST | | | | (379.18) | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | $0.00 |

0045

# EXHIBIT 7

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 5/13/2015
Time Printed: 4:05AM
Printed By:  JBW

Reeder, Wendell v. Fry et al (Appeal - Supreme) 0-4104

Beginning Balance   0.00

| Date | Type | Number | Account | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/20/2010 | Invoice | 7835 | | 942.57 | 883.75 | 58.82 | 0.00 | 0.00 | 0.00 | $942.57 |
| 2/20/2010 | Invoice | 8075 | | 1,696.25 | 1,686.25 | 10.00 | 0.00 | 0.00 | 0.00 | $2,638.82 |
| 1/20/2011 | Invoice | 8199 | | 8,204.50 | 7,650.00 | 554.50 | 0.00 | 0.00 | 0.00 | $10,843.32 |
| 2/10/2011 | Payment | 3585 | GEN | (5,000.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $5,843.32 |
| 2/20/2011 | Invoice | 8577 | | 147.50 | 147.50 | 0.00 | 0.00 | 0.00 | 0.00 | $5,990.82 |
| 3/20/2011 | Invoice | 8990 | | 116.00 | 116.00 | 0.00 | 0.00 | 0.00 | 0.00 | $6,106.82 |
| 4/5/2011 | Payment | 3211 | GEN | (116.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $5,990.82 |
| 4/20/2011 | Invoice | 9159 | | 2,967.50 | 2,947.50 | 20.00 | 0.00 | 0.00 | 0.00 | $8,958.32 |
| 5/20/2011 | Invoice | 9485 | | 348.84 | 297.50 | 51.34 | 0.00 | 0.00 | 0.00 | $9,307.16 |
| 7/03/2011 | Apply Funds to AR | | TRST | (5,990.82) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $3,316.34 |
| 5/20/2011 | Payment | 3326 | GEN | (3,316.34) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 6/20/2011 | Invoice | 9688 | | 130.00 | 130.00 | 0.00 | 0.00 | 0.00 | 0.00 | $130.00 |
| 7/01/2011 | Apply Funds to AR | | TRST | (130.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 7/20/2011 | Invoice | 9928 | | 40.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | $40.00 |
| 8/20/2011 | Invoice | 10221 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $40.00 |
| 5/01/2011 | Payment | 3432 | GEN | (40.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 9/20/2011 | Invoice | 10483 | | 175.00 | 175.00 | 0.00 | 0.00 | 0.00 | 0.00 | $175.00 |
| 10/29/2011 | Payment | 3550 | GEN | (175.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| 10/20/2011 | Invoice | 10655 | | 130.00 | 130.00 | 0.00 | 0.00 | 0.00 | 0.00 | $130.00 |
| 11/20/2011 | Invoice | 11030 | | 10,923.75 | 10,923.75 | 0.00 | 0.00 | 0.00 | 0.00 | $11,053.75 |
| 11/29/2011 | Payment | 3682 | GEN | (130.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $10,923.75 |
| 12/20/2011 | Invoice | 11320 | | 2,600.00 | 2,600.00 | 0.00 | 0.00 | 0.00 | 0.00 | $13,523.75 |
| 1/20/2012 | Invoice | 11943 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $13,563.75 |
| 2/20/2012 | Invoice | 11934 | | 860.00 | 860.00 | 0.00 | 0.00 | 0.00 | 0.00 | $14,383.75 |
| 3/20/2012 | Invoice | 12114 | | 5,562.78 | 5,135.50 | 427.28 | 0.00 | 0.00 | 0.00 | $19,946.50 |
| 4/20/2012 | Invoice | 12390 | | 92.00 | 92.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,038.50 |
| 5/20/2012 | Invoice | 12717 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,003.53 |
| 6/20/2012 | Invoice | 13012 | | 1,669.20 | 1,463.00 | 0.00 | 0.00 | 206.20 | 0.00 | $21,707.70 |
| 7/20/2012 | Invoice | 13203 | | 269.44 | 69.00 | 0.00 | 0.00 | 200.44 | 0.00 | $21,977.7 |
| 8/09/2012 | Payment | 4942 | GEN | (1,659.20) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,057.97 |
| 8/20/2012 | Invoice | 13286 | | 207.12 | 0.00 | 0.00 | 0.00 | 207.12 | 0.00 | $20,515.09 |
| 9/17/2012 | Payment | 4105 | GEN | (269.44) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,245.65 |
| 9/20/2012 | Invoice | 13541 | | 253.12 | 46.00 | 0.00 | 0.00 | 207.12 | 0.00 | $20,498.77 |
| 10/20/2012 | Invoice | 13742 | | 234.94 | 34.50 | 0.00 | 0.00 | 200.44 | 0.00 | $20,733.71 |
| 11/20/2012 | Invoice | 13917 | | 207.20 | 0.00 | 0.00 | 0.00 | 207.20 | 0.00 | $20,940.91 |

Page 1

0047

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 5/19/2015
Time Printed: 4:06AM
Printed By:  JBW

| Date | Type | Number | Account | Client Name | Matter No | Client No | Fees | Expenses | Taxes | Originating Interest | Responsible FinChg | Balance |
|------|------|--------|---------|-------------|-----------|-----------|------|----------|-------|----------------------|--------------------|---------|
| 12/20/2012 | Invoice | 14127 | | | | | 609.05 | 0.00 | 0.00 | 203.08 | 0.00 | $21,549.96 |
| 1/20/2013 | Invoice | 14214 | | | | | 2,968.50 | 93.05 | 0.00 | 207.96 | 0.00 | $24,497.47 |
| 2/12/2013 | Credit | | GEN | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $24,785.49 |
| 2/20/2013 | Invoice | 14481 | | | | | 57.50 | 0.00 | 0.00 | 208.23 | 0.00 | $25,051.21 |
| 3/20/2013 | Invoice | 14656 | | | | | 0.00 | 0.00 | 0.00 | 191.61 | 0.00 | $25,242.82 |
| 4/20/2013 | Invoice | 14764 | | | | | 298.00 | 0.00 | 0.00 | 242.44 | 0.00 | $25,779.26 |
| 5/20/2013 | Invoice | 15049 | | | | | 0.00 | 0.00 | 0.00 | 238.15 | 0.00 | $26,009.41 |
| 6/20/2013 | Invoice | 15258 | | | | | 0.00 | 0.00 | 0.00 | 244.14 | 0.00 | $26,253.55 |
| 7/20/2013 | Invoice | 15341 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $26,492.60 |
| 8/20/2013 | Invoice | 15552 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $26,739.62 |
| 9/20/2013 | Invoice | 15762 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $26,986.64 |
| 10/20/2013 | Invoice | 16007 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $27,225.69 |
| 11/20/2013 | Invoice | 16267 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $27,472.71 |
| 12/20/2013 | Invoice | 16458 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $27,711.76 |
| 1/20/2014 | Invoice | 16642 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $27,958.78 |
| 2/20/2014 | Invoice | 16823 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $28,205.80 |
| 3/20/2014 | Invoice | 16972 | | | | | 0.00 | 0.00 | 0.00 | 223.10 | 0.00 | $28,428.90 |
| 4/20/2014 | Invoice | 17180 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $28,675.92 |
| 5/20/2014 | Invoice | 17397 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $28,914.97 |
| 6/20/2014 | Invoice | 17490 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $29,161.99 |
| 7/20/2014 | Invoice | 17721 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $29,401.04 |
| 8/20/2014 | Invoice | 17780 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $29,648.06 |
| 9/20/2014 | Invoice | 17957 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $29,895.08 |
| 10/20/2014 | Invoice | 18197 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $30,134.13 |
| 11/20/2014 | Invoice | 18226 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $30,381.15 |
| 12/20/2014 | Invoice | 18403 | | | | | 0.00 | 0.00 | 0.00 | 239.05 | 0.00 | $30,620.20 |
| 1/20/2015 | Invoice | 18676 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $30,867.22 |
| 2/20/2015 | Invoice | 18761 | | | | | 0.00 | 0.00 | 0.00 | 247.02 | 0.00 | $31,114.24 |
| 3/20/2015 | Payment | 1053 | GEN | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $7,622.59 |
| 3/20/2015 | Invoice | 18980 | | | | | 19.84 | 0.00 | 0.00 | 19.84 | 0.00 | $7,642.43 |
| | TRST Beginning Balance | | | | | | | | | | | 0.00 |
| 8/03/2015 | Pay to Funds | | TRST | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $28,500.00 |
| 8/03/2015 | Apply Funds to AR | | TRST | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,609.18 |
| 5/22/2015 | Withdraw Funds | 1045 | TRST | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 559.18 |
| 7/01/2015 | Fund to Fund Transfer | | TRST | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $130.00 |
| 7/01/2015 | Apply Funds to AR | | TRST | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |

0048

# EXHIBIT 8

# J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:05am
Printed By: JBW

| Tagged Record | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Matter Reference | | Matter No | | | Client Name | | | Client No | | Originating | | | Responsible | |
| Date | Type | | Account | Number | Amount | Fees | Expenses | | Taxes | | Interest | FinChg | | Balance |
| Reeder, Wendell (Jamestown Ins. Co. v.) | | 11.1044 | | | Reeder, Wendell | | | | | JBW | | | JBW | |
| Beginning Balance | | | | | 0.00 | | | | | | | | | |
| 5/20/2011 Invoice | | | | 9484 | 1,463.00 | 1,463.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $1,463.00 |
| 6/20/2011 Payment | | | GEN | 9326 | (1,463.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $0.00 |
| 6/20/2011 Invoice | | | | 9605 | 2,064.94 | 2,063.50 | 1.44 | 0.00 | 0.00 | 0.00 | 0.00 | | $2,064.94 |
| 7/20/2011 Invoice | | | | 9905 | 651.54 | 616.00 | 35.54 | 0.00 | 0.00 | 0.00 | 0.00 | | $2,716.48 |
| 8/20/2011 Invoice | | | | 10220 | 2,583.59 | 2,581.75 | 1.84 | 0.00 | 0.00 | 0.00 | 0.00 | | $5,300.07 |
| 9/01/2011 Payment | | | GEN | 2482 | (651.54) | 0.00 | | 0.00 | 0.00 | 0.00 | 0.00 | | $4,648.53 |
| 9/20/2011 Invoice | | | | 10462 | 1,319.45 | 1,316.25 | 3.20 | 0.00 | 0.00 | 0.00 | 0.00 | | $5,967.98 |
| 10/20/2011 Payment | | | GEN | 3560 | (1,319.45) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $4,648.53 |
| 10/20/2011 Invoice | | | | 10654 | 135.00 | 135.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $4,783.53 |
| 11/20/2011 Payment | | | GEN | 9622 | (135.00) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $4,648.53 |
| 11/20/2011 Invoice | | | | 11029 | 3,107.25 | 3,107.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $7,755.78 |
| 12/20/2011 Invoice | | | | 11318 | 575.28 | 575.28 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $8,331.03 |
| 1/20/2012 Invoice | | | | 11647 | 6,668.59 | 6,658.00 | 2.59 | 0.00 | 0.00 | 0.00 | 0.00 | | $15,299.59 |
| 2/20/2012 Invoice | | | | 11932 | 78.75 | 78.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $15,378.34 |
| 3/20/2012 Invoice | | | | 12112 | 196.12 | 195.00 | 1.12 | 0.00 | 0.00 | 0.00 | 0.00 | | $15,574.46 |
| 4/20/2012 Invoice | | | | 12368 | 3,708.00 | 3,708.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $19,282.46 |
| 5/20/2012 Invoice | | | | 12715 | 4,729.22 | 4,728.50 | 0.72 | 0.00 | 0.00 | 0.00 | 0.00 | | $24,011.68 |
| 6/20/2012 Invoice | | | | 13010 | 494.22 | 332.00 | 0.00 | 0.00 | 0.00 | 152.22 | 0.00 | | $24,505.90 |
| 7/20/2012 Invoice | | | | 13199 | 389.65 | 189.50 | 5.70 | 0.00 | 0.00 | 194.45 | 0.00 | | $24,895.55 |
| 8/08/2012 Payment | | | GEN | 4642 | (494.22) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | $24,401.33 |
| 8/20/2012 Invoice | | | | 13263 | 282.59 | 34.50 | 0.00 | 0.00 | 0.00 | 248.19 | 0.00 | | $24,684.02 |
| 9/17/2012 Payment | | | GEN | 4106 | (389.65) | 0.00 | 0.00 | 0.00 | 0.00 | 248.19 | 0.00 | | $24,294.37 |
| 9/20/2012 Invoice | | | | 13538 | 248.19 | 0.00 | 0.00 | 0.00 | 0.00 | 248.19 | 0.00 | | $24,542.56 |
| 10/20/2012 Invoice | | | | 13739 | 240.27 | 0.00 | 0.00 | 0.00 | 0.00 | 240.27 | 0.00 | | $24,782.83 |
| 11/20/2012 Invoice | | | | 13814 | 255.11 | 0.00 | 4.00 | 0.00 | 0.00 | 251.11 | 0.00 | | $25,037.94 |
| 12/20/2012 Invoice | | | | 14124 | 243.01 | 0.00 | 0.00 | 0.00 | 0.00 | 243.01 | 0.00 | | $25,280.95 |
| 1/20/2013 Invoice | | | | 14211 | 248.55 | 0.00 | 0.00 | 0.00 | 0.00 | 248.55 | 0.00 | | $25,529.50 |
| 2/20/2013 Invoice | | | | 14479 | 248.59 | 0.00 | 0.00 | 0.00 | 0.00 | 248.59 | 0.00 | | $25,778.09 |
| 3/20/2013 Invoice | | | | 14653 | 224.54 | 0.00 | 0.00 | 0.00 | 0.00 | 224.54 | 0.00 | | $26,002.63 |
| 4/20/2013 Invoice | | | | 14761 | 248.59 | 0.00 | 0.00 | 0.00 | 0.00 | 248.59 | 0.00 | | $26,251.22 |
| 5/20/2013 Invoice | | | | 15046 | 240.57 | 0.00 | 0.00 | 0.00 | 0.00 | 240.57 | 0.00 | | $26,491.79 |
| 6/20/2013 Invoice | | | | 15255 | 248.59 | 0.00 | 0.00 | 0.00 | 0.00 | 248.59 | 0.00 | | $26,740.38 |
| 7/20/2013 Invoice | | | | 15336 | 240.57 | 0.00 | 0.00 | 0.00 | 0.00 | 240.57 | 0.00 | | $26,980.95 |
| 8/20/2013 Invoice | | | | 15649 | 248.59 | 0.00 | 0.00 | 0.00 | 0.00 | 248.59 | 0.00 | | $27,229.54 |
| 9/20/2013 Invoice | | | | 15749 | 248.59 | 0.00 | 0.00 | 0.00 | 0.00 | 248.59 | 0.00 | | $27,478.13 |

Page 1

0050

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:20AM
Printed By: JBW

1=Tagged   Record

Master Reference

| Date | Type | Number | Account | Client Name | Matter No | Amount | Fees | Expenses | Client No | Taxes | Originating | Interest | FinChg | Responsible | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/20/2013 | Invoice | 16604 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $27,718.70 |
| 11/20/2013 | Invoice | 16954 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $27,967.29 |
| 12/20/2013 | Invoice | 16435 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $28,207.86 |
| 1/20/2014 | Invoice | 16533 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $28,456.45 |
| 2/20/2014 | Invoice | 16820 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $28,705.04 |
| 3/20/2014 | Invoice | 16950 | | | | 224.54 | 0.00 | 0.00 | | 0.00 | | 224.54 | 0.00 | | $28,929.55 |
| 4/20/2014 | Invoice | 17157 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $29,178.17 |
| 5/20/2014 | Invoice | 17354 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $29,418.74 |
| 6/20/2014 | Invoice | 17437 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $29,667.33 |
| 7/20/2014 | Invoice | 17718 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $29,907.90 |
| 8/20/2014 | Invoice | 17777 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $30,156.49 |
| 9/20/2014 | Invoice | 17964 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $30,405.08 |
| 10/20/2014 | Invoice | 18104 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $30,645.65 |
| 11/20/2014 | Invoice | 18223 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $30,894.24 |
| 12/20/2014 | Invoice | 18400 | | | | 240.57 | 0.00 | 0.00 | | 0.00 | | 240.57 | 0.00 | | $31,134.81 |
| 1/20/2015 | Invoice | 18573 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $31,383.40 |
| 2/20/2015 | Invoice | 18779 | | | | 248.59 | 0.00 | 0.00 | | 0.00 | | 248.59 | 0.00 | | $31,631.99 |
| 3/20/2015 | Invoice | 18990 | | | | 224.54 | 0.00 | 0.00 | | 0.00 | | 224.54 | 0.00 | | $31,856.53 |

Page 2

0051

# EXHIBIT 9

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed  6/19/2015
Time Printed  11:00AM
Printed by:   JBW

Tagged   Record

| Matter Reference | | Matter No | Account | Client Name | | | | Client No | | Originating | | | Responsible | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Type | | | | Number | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance | JBW | |

Reeder, Wendell N. Fry et al)   13-1134   Reeder, Wendell

Reeder, Wendell N. Fry et al)

| Date | Type | Number | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | | | 0.00 | | | | | | |
| 12/20/2011 | Invoice | 11519 | 3,871.25 | 3,822.25 | 49.00 | 0.00 | 0.00 | 0.00 | 3,871.25 |
| 1/20/2012 | Invoice | 11648 | 1,256.00 | 957.00 | 299.00 | 0.00 | 0.00 | 0.00 | 5,127.25 |
| 2/20/2012 | Invoice | 11933 | 1,945.00 | 1,896.00 | 49.00 | 0.00 | 0.00 | 0.00 | 7,072.25 |
| 3/20/2012 | Invoice | 12113 | 181.25 | 181.25 | 0.00 | 0.00 | 0.00 | 0.00 | 7,253.50 |
| 4/20/2012 | Invoice | 12389 | 37.50 | 37.50 | 0.00 | 0.00 | 0.00 | 0.00 | 7,291.00 |
| 5/20/2012 | Invoice | 12716 | 3,124.00 | 3,124.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,385.00 |
| 6/20/2012 | Invoice | 13011 | 894.77 | 810.00 | 0.00 | 0.00 | 74.77 | 0.00 | 11,279.77 |
| 7/20/2012 | Invoice | 13201 | 4,058.77 | 3,985.00 | 0.00 | 0.00 | 73.77 | 0.00 | 15,338.54 |
| 8/06/2012 | Payment | 4042 | (894.77) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,443.77 |
| 8/20/2012 | Invoice | 13285 | 427.44 | 320.00 | 0.00 | 0.00 | 107.44 | 0.00 | 14,871.21 |
| 8/17/2012 | Payment | 4106 | (4,058.77) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,822.44 |
| 9/20/2012 | Invoice | 13540 | 107.44 | 0.00 | 0.00 | 0.00 | 107.44 | 0.00 | 10,929.88 |
| 10/20/2012 | Invoice | 13761 | 104.12 | 0.00 | 0.00 | 0.00 | 104.12 | 0.00 | 11,034.00 |
| 11/20/2012 | Invoice | 13919 | 111.86 | 0.00 | 0.00 | 0.00 | 111.86 | 0.00 | 11,145.86 |
| 12/20/2012 | Invoice | 14126 | 108.26 | 0.00 | 0.00 | 0.00 | 108.26 | 0.00 | 11,254.12 |
| 1/20/2013 | Invoice | 14213 | 110.75 | 0.00 | 0.00 | 0.00 | 110.75 | 0.00 | 11,364.87 |
| 2/20/2013 | Invoice | 14431 | 110.75 | 0.00 | 0.00 | 0.00 | 110.75 | 0.00 | 11,475.62 |
| 3/20/2013 | Invoice | 14685 | 100.05 | 0.00 | 0.00 | 0.00 | 100.05 | 0.00 | 11,575.67 |
| 4/20/2013 | Invoice | 14783 | 110.75 | 0.00 | 0.00 | 0.00 | 110.75 | 0.00 | 11,686.42 |
| 5/20/2013 | Invoice | 15048 | 491.18 | 384.00 | 0.00 | 0.00 | 107.18 | 0.00 | 12,177.60 |
| 6/20/2013 | Invoice | 15287 | 873.25 | 762.50 | 0.00 | 0.00 | 110.75 | 0.00 | 12,950.85 |
| 7/20/2013 | Invoice | 15540 | 107.31 | 0.00 | 0.00 | 0.00 | 107.31 | 0.00 | 12,958.16 |
| 8/20/2013 | Invoice | 15551 | 680.41 | 555.50 | 10.00 | 0.00 | 114.91 | 0.00 | 13,648.57 |
| 9/20/2013 | Invoice | 15751 | 124.53 | 0.00 | 4.00 | 0.00 | 120.53 | 0.00 | 13,773.10 |
| 10/20/2013 | Invoice | 16008 | 728.84 | 612.00 | 0.00 | 0.00 | 116.84 | 0.00 | 14,501.94 |
| 11/20/2013 | Invoice | 16263 | 343.68 | 212.50 | 4.70 | 0.00 | 126.48 | 0.00 | 14,845.62 |
| 12/20/2013 | Invoice | 16437 | 1,616.65 | 1,494.00 | 0.00 | 0.00 | 122.65 | 0.00 | 16,462.27 |
| 1/20/2014 | Invoice | 16941 | 1,184.92 | 1,052.00 | 0.00 | 0.00 | 132.92 | 0.00 | 17,657.19 |
| 2/20/2014 | Invoice | 16822 | 1,064.10 | 928.00 | 0.00 | 0.00 | 136.10 | 0.00 | 13,721.29 |
| 3/20/2014 | Invoice | 16971 | 1,975.48 | 1,739.50 | 0.00 | 0.00 | 135.98 | 0.00 | 20,596.77 |
| 4/20/2014 | Invoice | 17159 | 2,018.18 | 1,857.00 | 0.00 | 0.00 | 161.18 | 0.00 | 22,614.93 |
| 5/20/2014 | Invoice | 17358 | 2,381.85 | 2,149.50 | 66.50 | 0.00 | 165.85 | 0.00 | 24,996.78 |
| 6/20/2014 | Invoice | 17489 | 5,200.46 | 4,954.75 | 86.00 | 0.00 | 159.71 | 0.00 | 30,197.24 |
| 7/20/2014 | Invoice | 17739 | 1,054.30 | 852.00 | 0.00 | 0.00 | 202.30 | 0.00 | 31,251.54 |
| 8/20/2014 | Invoice | 17779 | 736.85 | 504.00 | 0.00 | 0.00 | 232.85 | 0.00 | 31,988.39 |

Page 1

0053

# J. Bennett White, P.C.
## Client Ledger Report

Date Printed 6/18/2015
Time Printed 4:06AM
Printed By: JBW

Tagged Record

Matter Reference     Client Name     Matter No     Client No

|  |  |  |  |  | Client No | | Originating | | Responsible | |
| Date | Type | Number | Account | Amount | Fees | Expenses | Taxes | Interest | FinChg | Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 9/03/2014 | Payment | 5039 | GEN | (5,582.75) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $23,465.85 |
| 9/20/2014 | Invoice | 17998 |  | 2,240.86 | 1,986.00 | 0.00 | 0.00 | 254.06 | 0.00 | $25,542.70 |
| 10/20/2014 | Invoice | 18108 |  | 398.56 | 197.00 | 0.00 | 0.00 | 201.56 | 0.00 | $25,944.08 |
| 11/14/2014 | Payment | 18225 | GEN | (5,779.50) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $20,284.76 |
| 11/23/2014 | Invoice | 18225 |  | 1,091.09 | 880.00 | 0.00 | 0.00 | 201.09 | 0.00 | $21,345.85 |
| 12/20/2014 | Invoice | 18402 |  | 214.58 | 0.00 | 49.00 | 0.00 | 165.58 | 0.00 | $21,560.43 |
| 1/20/2015 | Invoice | 18075 |  | 423.15 | 251.75 | 0.00 | 0.00 | 171.40 | 0.00 | $21,983.58 |
| 2/20/2015 | Invoice | 18753 |  | 219.99 | 39.75 | 0.00 | 0.00 | 180.24 | 0.00 | $22,203.57 |
| 3/20/2015 | Invoice | 18983 |  | 183.23 | 0.00 | 0.00 | 0.00 | 183.23 | 0.00 | $22,386.80 |

0054

# EXHIBIT 10

## J. Bennett White, P.C.
## Client Ledger Report

Date Printed: 6/19/2015
Time Printed: 4:06AM
Printed By: JBW

Tagged  Record

Matter Reference

Client Name

| Date | Type | Number | Account | Amount | Fees | Expenses | Check No | Taxes | Originating Interest | Responsible FinChg | Balance |
|------|------|--------|---------|--------|------|----------|----------|-------|--------------|--------|---------|
| Reader, Wendell | | | | | Reader, Wendell | | | | JBW | JBW | |
| Reader, Wendell (Jamestown Insurance Co. 13-1641) | | | | | | | | | | | |
| Beginning Balance | | | | 0.00 | | | | | | | |
| 7/20/2012 | Invoice | 13200 | | 598.50 | 598.00 | 0.50 | | 0.00 | 0.00 | 0.00 | $598.50 |
| 8/20/2012 | Invoice | 13254 | | 2,160.00 | 1,705.00 | 455.00 | | 0.00 | 0.00 | 0.00 | $2,758.50 |
| 9/17/2012 | Payment | 4106 | GEN | (598.50) | | | | 0.00 | 0.00 | 0.00 | $2,160.00 |
| 9/20/2012 | Invoice | 13509 | | 6,344.06 | 6,293.50 | 50.56 | | 0.00 | 0.00 | 0.00 | $8,504.06 |
| 10/20/2012 | Invoice | 13740 | | 8,566.22 | 8,565.50 | 0.00 | | 0.00 | 0.72 | 0.00 | $17,070.28 |
| 11/20/2012 | Invoice | 13845 | | 333.71 | 127.00 | 182.26 | | 0.00 | 24.45 | 0.00 | $17,403.99 |
| 12/20/2012 | Invoice | 14126 | | 97.93 | 0.00 | 0.00 | | 0.00 | 57.93 | 0.00 | $17,501.92 |
| 1/20/2013 | Invoice | 14212 | | 176.53 | 0.00 | 0.00 | | 0.00 | 176.53 | 0.00 | $17,682.45 |
| 2/24/2013 | Invoice | 14480 | | 6,316.54 | 6,099.00 | 49.91 | | 0.00 | 176.63 | 0.00 | $23,987.99 |
| 3/20/2013 | Invoice | 14684 | | 339.86 | 175.50 | 2.00 | | 0.00 | 162.26 | 0.00 | $24,327.85 |
| 3/20/2013 | Credit | | GEN | (2.32) | | | | 0.00 | 0.00 | 0.00 | $24,325.53 |
| 4/20/2013 | Invoice | 14762 | | 179.53 | 0.00 | 0.00 | | 0.00 | 179.63 | 0.00 | $24,505.26 |
| 5/20/2013 | Invoice | 15047 | | 233.25 | 0.00 | 0.00 | | 0.00 | 233.25 | 0.00 | $24,738.51 |
| 6/20/2013 | Invoice | 15256 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $24,983.41 |
| 7/20/2013 | Invoice | 15538 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $25,220.43 |
| 8/20/2013 | Invoice | 15680 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $25,465.34 |
| 9/20/2013 | Invoice | 15790 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $25,710.25 |
| 10/20/2013 | Invoice | 16005 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $25,947.26 |
| 11/20/2013 | Invoice | 16285 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $26,192.17 |
| 12/20/2013 | Invoice | 16486 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $26,429.18 |
| 1/20/2014 | Invoice | 16540 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $26,674.09 |
| 2/20/2014 | Invoice | 16821 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $26,919.00 |
| 3/20/2014 | Invoice | 16970 | | 221.22 | 0.00 | 0.00 | | 0.00 | 221.22 | 0.00 | $27,140.22 |
| 4/20/2014 | Invoice | 17158 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $27,385.13 |
| 5/20/2014 | Invoice | 17355 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $27,622.14 |
| 6/20/2014 | Invoice | 17488 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $27,867.05 |
| 7/20/2014 | Invoice | 17715 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $28,104.06 |
| 8/20/2014 | Invoice | 17778 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $28,348.97 |
| 9/20/2014 | Invoice | 17965 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $28,593.88 |
| 10/20/2014 | Invoice | 18105 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $28,830.89 |
| 11/20/2014 | Invoice | 18224 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $29,075.80 |
| 12/20/2014 | Invoice | 18401 | | 237.01 | 0.00 | 0.00 | | 0.00 | 237.01 | 0.00 | $29,312.81 |
| 1/20/2015 | Invoice | 18674 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $29,557.72 |
| 2/20/2015 | Invoice | 18779 | | 244.91 | 0.00 | 0.00 | | 0.00 | 244.91 | 0.00 | $29,802.63 |
| 3/20/2015 | Invoice | 18987 | | 221.22 | 0.00 | 0.00 | | 0.00 | 221.22 | 0.00 | $30,023.85 |

Page 1

0056

J. Bennett White, P.C.
Client Ledger Report

Date Printed: 6/18/2015
Time Printed: 4:05AM
Printed By: JBW

| Matter Reference | | Matter No | | Client No | | Originating | | Responsible | |
| Date | Type | Number | Account | Client Name | Amount | Fees | Expenses | Taxes | Interest | EmChg | Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

(Tagged) Record

0057

# EXHIBIT 11

# J. BENNETT WHITE, P.C.

ATTORNEYS & COUNSELORS

1011 PRUITT PLACE

TYLER, TEXAS 75707

(903) 597-4305

FAX (903) 597-4330

J. BENNETT WHITE
jbw@jbwhitelaw.com

LAURA G. SEVERT
lsevert@jbwhitelaw.com

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwhitelaw.com

December 3, 2014

*via fax 903-427-5521*

Mr. Wendell A. Reeder
Clarksville Oil & Gas Company, Inc.
P.O. Box 1208
Clarksville, TX 75426

RE:   *Wendell Reeder (General)*

Dear Wendell:

When we spoke on the phone recently, you indicated that you were going to want to visit with me about how your unpaid balances break down between fees, interest, etc. In order to provide you with a convenient reference, I have gone ahead and prepared an itemization of the outstanding charges on each of the matters we have been carrying.

With this letter are breakdowns of each billing matter, along with a Summary that combines each of the individual matters. From these lists, you can see how much of the charges on each matter are due to fees, expenses, and interest. You can also see where we applied payments. If any payments have been misapplied, please let me know so that we can make appropriate adjustments.

As you know, I am extremely eager to collect these balances. Hopefully, these lists will help expedite that process. Do you have any update on the loan closing status? If there is any other information you would like to review, please let me know.

Sincerely,

J. BENNETT WHITE

JBW
Enclosures

0059

Forest Hill

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 6/20/2011 | 146.50 | | | | | 146.50 |
| 7/20/2011 | 528.75 | | | | | 675.25 |
| 8/20/2011 | 471.25 | | | 528.75 | | 617.75 |
| 9/20/2011 | | | | | | 617.75 |
| 10/20/2011 | | | | | | 617.75 |
| 11/20/2011 | | | | | | 617.75 |
| 12/20/2011 | 765.00 | | | | | 1,382.75 |
| 1/20/2012 | | 3.00 | | | | 1,385.75 |
| 2/20/2012 | | | | | | 1,385.75 |
| 3/20/2012 | 142.50 | | | | | 1,528.25 |
| 4/20/2012 | 264.00 | | | | | 1,792.25 |
| 5/21/2012 | | | | | | 1,792.25 |
| 6/20/2012 | 168.00 | | 15.88 | | | 1,976.13 |
| 7/20/2012 | | | 17.93 | | | 1,994.06 |
| 8/20/2012 | | | 18.52 | 183.88 | | 1,828.70 |
| 9/20/2012 | | | 18.52 | 17.93 | | 1,829.29 |
| 10/20/2012 | | | 17.93 | | | 1,847.22 |
| 11/20/2012 | | | 18.52 | | | 1,865.74 |
| 12/20/2012 | | | 17.93 | | | 1,883.67 |
| 1/20/2013 | | | 18.52 | | | 1,902.19 |
| 2/20/2013 | | | 18.52 | | | 1,920.71 |
| 3/20/2013 | | | 16.73 | | | 1,937.44 |
| 4/20/2013 | | | 18.52 | | | 1,955.96 |
| 5/20/2013 | | | 17.93 | | | 1,973.89 |
| 6/20/2013 | | | 18.52 | | | 1,992.41 |
| 7/20/2013 | | | 17.93 | | | 2,010.34 |
| 8/20/2013 | | | 18.52 | | | 2,028.86 |
| 9/20/2013 | | | 18.52 | | | 2,047.38 |
| 10/20/2013 | | | 17.93 | | | 2,065.31 |
| 11/20/2013 | | | 18.52 | | | 2,083.83 |
| 12/20/2013 | | | 17.93 | | | 2,101.76 |
| 1/20/2014 | | | 18.52 | | | 2,120.28 |
| 2/20/2014 | | | 18.52 | | | 2,138.80 |
| 3/20/2014 | | | 16.73 | | | 2,155.53 |
| 4/20/2014 | | | 18.52 | | | 2,174.05 |
| 5/20/2014 | | | 17.93 | | | 2,191.98 |
| 6/20/2014 | | | 18.52 | | | 2,210.50 |
| 7/20/2014 | | | 17.93 | | | 2,228.43 |
| 8/20/2014 | | | 18.52 | | | 2,246.95 |
| 9/20/2014 | | | 18.52 | | | 2,265.47 |
| 10/20/2014 | | | 17.93 | | | 2,283.40 |
| 11/20/2014 | | | 18.52 | | | 2,301.92 |
| Total | 2,486.00 | 3.00 | 543.42 | 730.56 | | |

0060

Jamestown Ins.

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 6/20/2011 | 2,063.50 | 1.44 | | | | 2,064.94 |
| 7/20/2011 | 616.00 | 35.54 | | | | 2,716.48 |
| 8/20/2011 | 2,581.75 | 1.84 | | 651.54 | | 4,648.53 |
| 9/20/2011 | 1,316.25 | 3.20 | | 1,319.45 | | 4,648.53 |
| 10/20/2011 | 135.00 | | | 135.00 | | 4,648.53 |
| 11/20/2011 | 3,107.25 | | | | | 7,755.78 |
| 12/20/2011 | 875.25 | | | | | 8,631.03 |
| 1/20/2012 | 6,666.00 | 2.56 | | | | 15,299.59 |
| 2/20/2012 | 78.75 | | | | | 15,378.34 |
| 3/20/2012 | 195.00 | 1.12 | | | | 15,574.46 |
| 4/20/2012 | 3,708.00 | | | | | 19,282.46 |
| 5/20/2012 | 4,728.50 | 0.72 | | | | 24,011.68 |
| 6/20/2012 | 332.00 | | 162.22 | | | 24,505.90 |
| 7/20/2012 | 189.50 | 5.70 | 194.45 | | | 24,895.55 |
| 8/20/2012 | 34.50 | | 248.19 | 494.22 | | 24,684.02 |
| 9/20/2012 | | | 248.19 | 389.65 | | 24,542.56 |
| 10/20/2012 | | | 240.77 | | | 24,782.83 |
| 11/20/2012 | | 4.00 | 251.13 | | | 25,037.94 |
| 12/20/2012 | | | 243.01 | | | 25,280.95 |
| 1/20/2013 | | | 248.55 | | | 25,529.50 |
| 2/20/2013 | | | 248.59 | | | 25,778.09 |
| 3/20/2013 | | | 224.54 | | | 26,002.63 |
| 4/20/2013 | | | 248.59 | | | 26,251.22 |
| 5/20/2013 | | | 240.57 | | | 26,491.79 |
| 6/20/2013 | | | 248.59 | | | 26,740.38 |
| 7/20/2013 | | | 240.57 | | | 26,980.95 |
| 8/20/2013 | | | 248.59 | | | 27,229.54 |
| 9/20/2013 | | | 248.59 | | | 27,478.13 |
| 10/20/2013 | | | 240.57 | | | 27,718.70 |
| 11/20/2013 | | | 248.59 | | | 27,967.29 |
| 12/20/2013 | | | 240.57 | | | 28,207.86 |
| 1/20/2014 | | | 248.59 | | | 28,456.45 |
| 2/20/2014 | | | 248.59 | | | 28,705.04 |
| 3/20/2014 | | | 224.54 | | | 28,929.58 |
| 4/20/2014 | | | 248.59 | | | 29,178.17 |
| 5/20/2014 | | | 240.57 | | | 29,418.74 |
| 6/20/2014 | | | 248.59 | | | 29,667.33 |
| 7/20/2014 | | | 240.57 | | | 29,907.90 |
| 8/20/2014 | | | 248.59 | | | 30,156.49 |
| 9/20/2014 | | | 248.59 | | | 30,405.08 |
| 10/20/2014 | | | 240.57 | | | 30,645.65 |
| 11/20/2014 | | | 248.59 | | | 30,894.24 |
| Total | 26,527.75 | 56.62 | 7,200.73 | 2,989.86 | | |

v. Jamestown Ins. (Appeal)

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 7/20/2012 | 598.00 | 0.50 | | | | 598.50 |
| 8/20/2012 | 1,705.00 | 455.00 | | | | 2,758.50 |
| 9/20/2012 | 6,253.50 | 90.56 | | 598.50 | | 8,504.06 |
| 10/20/2012 | 8,565.50 | | 0.72 | | | 17,070.28 |
| 11/20/2012 | 127.00 | 182.26 | 24.45 | | | 17,403.99 |
| 12/20/2012 | | | 87.93 | | | 17,491.92 |
| 1/20/2013 | | | 176.53 | | | 17,668.45 |
| 2/20/2013 | 6,090.00 | 49.91 | 179.63 | | | 23,987.99 |
| 3/20/2013 | 175.50 | 2.20 | 162.26 | | 2.32 | 24,325.63 |
| 4/20/2013 | . | | 179.63 | | | 24,505.26 |
| 5/20/2013 | | | 233.25 | | | 24,738.51 |
| 6/20/2013 | | | 244.91 | | | 24,983.42 |
| 7/20/2013 | | | 237.01 | | | 25,220.43 |
| 8/20/2013 | | | 244.91 | | | 25,465.34 |
| 9/20/2013 | | | 244.91 | | | 25,710.25 |
| 10/20/2013 | | | 237.01 | | | 25,947.26 |
| 11/20/2013 | | | 244.91 | | | 26,192.17 |
| 12/20/2013 | | | 237.01 | | | 26,429.18 |
| 1/20/2014 | | | 244.91 | | | 26,674.09 |
| 2/20/2014 | | | 244.91 | | | 26,919.00 |
| 3/20/2014 | | | 221.22 | | | 27,140.22 |
| 4/20/2014 | | | 244.91 | | | 27,385.13 |
| 5/20/2014 | | | 237.01 | | | 27,622.14 |
| 6/20/2014 | | | 244.91 | | | 27,867.05 |
| 7/20/2014 | | | 237.01 | | | 28,104.06 |
| 8/20/2014 | | | 244.91 | | | 28,348.97 |
| 9/20/2014 | | | 244.91 | | | 28,593.88 |
| 10/20/2014 | | | 237.01 | | | 28,830.89 |
| 11/20/2014 | | | 244.91 | | | 29,075.80 |
| Total | 23,514.50 | 780.43 | 5,281.69 | 598.50 | 2.32 | |

v. Fry

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 12/20/2011 | 3,822.25 | 49.00 | | | | 3,871.25 |
| 1/20/2012 | 957.00 | 299.00 | | | | 5,127.25 |
| 2/20/2012 | 1,896.00 | 49.00 | | | | 7,072.25 |
| 3/20/2012 | 161.25 | | | | | 7,233.50 |
| 4/20/2012 | 37.50 | | | | | 7,271.00 |
| 5/20/2012 | 3,124.00 | | | | | 10,395.00 |
| 6/20/2012 | 810.00 | | 74.77 | | | 11,279.77 |
| 7/20/2012 | 3,985.00 | | 73.77 | | | 15,338.54 |
| 8/20/2012 | 320.00 | | 107.44 | 384.77 | | 14,881.21 |
| 9/20/2012 | | | 107.44 | 4,058.77 | | 10,929.88 |
| 10/20/2012 | | | 104.12 | | | 11,034.00 |
| 11/20/2012 | | | 111.86 | | | 11,145.86 |
| 12/20/2012 | | | 108.26 | | | 11,254.12 |
| 1/20/2013 | | | 110.75 | | | 11,364.87 |
| 2/20/2013 | | | 110.75 | | | 11,475.62 |
| 3/20/2013 | | | 100.05 | | | 11,575.67 |
| 4/20/2013 | | | 110.75 | | | 11,686.42 |
| 5/20/2013 | 384.00 | | 107.18 | | | 12,177.60 |
| 6/20/2013 | 562.50 | | 110.75 | | | 12,850.85 |
| 7/20/2013 | | | 107.31 | | | 12,958.16 |
| 8/20/2013 | 565.50 | 10.00 | 114.91 | | | 13,648.57 |
| 9/20/2013 | | 4.00 | 120.53 | | | 13,773.10 |
| 10/20/2013 | 612.00 | | 116.84 | | | 14,501.94 |
| 11/20/2013 | 212.50 | 4.70 | 126.48 | | | 14,845.62 |
| 12/20/2013 | 1,494.00 | | 122.65 | | | 16,462.27 |
| 1/20/2014 | 1,062.00 | | 132.92 | | | 17,657.19 |
| 2/20/2014 | 928.00 | | 136.10 | | | 18,721.29 |
| 3/20/2014 | 1,739.50 | | 135.98 | | | 20,596.77 |
| 4/20/2014 | 1,857.00 | | 161.16 | | | 22,614.93 |
| 5/20/2014 | 2,149.50 | 66.50 | 165.85 | | | 24,996.78 |
| 6/20/2014 | 4,954.75 | 56.00 | 189.71 | | | 30,197.24 |
| 7/20/2014 | 852.00 | | 202.30 | | | 31,251.54 |
| 8/20/2014 | 504.00 | | 232.85 | | | 31,988.39 |
| 9/20/2014 | 1,926.00 | | 254.06 | 8,582.75 | | 25,645.70 |
| 10/20/2014 | 197.00 | | 201.56 | 5,779.50 | | 20,264.76 |
| 11/20/2014 | 880.00 | | 201.09 | | | 21,345.85 |
| | | | | | | |
| Total | 36,053.25 | 593.20 | 4,060.19 | 19,305.79 | | |

v. Fry (Appeal)

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 5/20/2009 | 13,562.50 | 20.00 | | | | 13,582.50 |
| 6/20/2009 | 20,221.25 | 10.00 | | 13,582.50 | | 20,231.25 |
| 7/20/2009 | 24,222.50 | 354.77 | | | | 44,808.52 |
| 8/20/2009 | 563.75 | | | | | 45,372.27 |
| 9/20/2009 | 665.00 | | | 563.75 | | 45,473.52 |
| 10/20/2009 | 340.00 | | | 1,005.00 | | 44,808.52 |
| 11/20/2009 | 3,197.50 | 10.09 | | | | 48,016.02 |
| 12/20/2009 | 6,212.50 | 20.00 | | 3,207.50 | | 51,041.02 |
| 1/20/2010 | 12,367.50 | 157.31 | | | | 63,565.83 |
| 2/20/2010 | 1,121.25 | 20.00 | | | | 64,707.08 |
| 3/20/2010 | 6,242.00 | 10.00 | | | | 70,959.08 |
| 4/20/2010 | | | | | | 70,959.08 |
| 5/20/2010 | 4,470.00 | 22.42 | | | | 75,451.50 |
| 6/20/2010 | 3,928.25 | 19.00 | | | | 79,398.75 |
| 7/20/2010 | 6,170.00 | | | | | 85,568.75 |
| 8/20/2010 | 3,514.75 | 15.00 | | | | 89,098.50 |
| 9/20/2010 | 40.00 | | | | | 89,138.50 |
| 10/20/2010 | 832.50 | 29.48 | | | | 90,000.48 |
| 11/20/2010 | | | | 5,000.00 | | 85,000.48 |
| 12/20/2010 | | | | | | 85,000.48 |
| 1/20/2011 | | | | | | 85,000.48 |
| 2/20/2011 | | | | | | 85,000.48 |
| 3/20/2011 | | | | | | 85,000.48 |
| 4/20/2011 | | | | | | 85,000.48 |
| 5/20/2011 | | | | | | 85,000.48 |
| 6/20/2011 | | | | | | 85,000.48 |
| 7/20/2011 | | | | | | 85,000.48 |
| 8/20/2011 | | | | | | 85,000.48 |
| 9/20/2011 | | | | | | 85,000.48 |
| 10/20/2011 | | | | | | 85,000.48 |
| 11/20/2011 | | | | | | 85,000.48 |
| 12/20/2011 | | | | | | 85,000.48 |
| 1/20/2012 | | | | | | 85,000.48 |
| 2/20/2012 | 5,321.75 | 250.34 | | | | 90,572.57 |
| 3/20/2012 | 948.00 | 20.00 | | | | 91,540.57 |
| 4/20/2012 | | | | | | 91,540.57 |
| 5/20/2012 | | | | | | 91,540.57 |
| 6/20/2012 | | | 946.15 | | | 92,486.72 |
| 7/20/2012 | | | 915.67 | | | 93,402.40 |
| 8/20/2012 | | | 946.15 | 946.15 | | 93,402.40 |
| 9/20/2012 | | | 946.15 | 915.67 | | 93,432.89 |

v. Fry (Appeal)

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 10/20/2012 | | | 915.67 | | | 94,348.56 |
| 11/20/2012 | | | 946.16 | | | 95,294.72 |
| 12/20/2012 | | | 915.67 | | | 96,210.39 |
| 1/20/2013 | | | 927.82 | 5,000.00 | | 92,138.21 |
| 2/20/2013 | | | 894.48 | | | 93,032.69 |
| 3/20/2013 | | | 807.93 | | | 93,840.62 |
| 4/20/2013 | | | 894.48 | | | 94,735.10 |
| 5/20/2013 | | | 865.65 | | | 95,600.75 |
| 6/20/2013 | | | 894.48 | | | 96,495.23 |
| 7/20/2013 | | | 865.65 | | | 97,360.88 |
| 8/20/2013 | | | 894.48 | | | 98,253.36 |
| 9/20/2013 | | | 894.48 | | | 99,149.84 |
| 10/20/2013 | | | 865.65 | | | 100,015.49 |
| 11/20/2013 | | | 894.48 | | | 100,909.97 |
| 12/20/2013 | | | 865.65 | | | 101,775.62 |
| 1/20/2014 | | | 894.48 | | | 102,670.10 |
| 2/20/2014 | | | 894.48 | | | 103,564.58 |
| 3/20/2014 | | | 807.93 | | | 104,372.51 |
| 4/20/2014 | | | 894.48 | | | 105,266.99 |
| 5/20/2014 | | | 865.65 | | | 106,132.64 |
| 6/20/2014 | | | 894.48 | | | 107,027.12 |
| 7/20/2014 | | | 865.65 | | | 107,892.77 |
| 8/20/2014 | | | 894.48 | | | 108,787.25 |
| 9/20/2014 | | | 894.48 | | | 109,681.73 |
| 10/20/2014 | | | 865.65 | | | 110,547.38 |
| 11/20/2014 | | | 894.48 | | | 111,441.86 |
| Total | 113,941.00 | 953.32 | 26,763.12 | 30,220.58 | | |

v. Fry (Supt CL)

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
| --- | --- | --- | --- | --- | --- | --- |
| | Fees | Expenses | | | | |
| 12/20/2011 | 10,923.75 | | | | | 10,923.75 |
| 1/20/2012 | 2,600.00 | | | | | 13,523.75 |
| 2/20/2012 | | | | | | 13,523.75 |
| 3/20/2012 | 860.00 | | | | | 14,383.75 |
| 4/20/2012 | 5,135.50 | 427.28 | | | | 19,946.53 |
| 5/20/2012 | 92.00 | | | | | 20,038.53 |
| 6/20/2012 | 1,463.00 | | 206.20 | | | 21,707.73 |
| 7/20/2012 | 69.00 | | 200.44 | | | 21,977.17 |
| 8/20/2012 | | | 207.12 | 1,669.20 | | 20,515.09 |
| 9/20/2012 | 46.00 | | 207.12 | 269.44 | | 20,498.77 |
| 10/20/2012 | 34.50 | | 200.44 | | | 20,733.71 |
| 11/20/2012 | | | 207.20 | | | 20,940.91 |
| 12/20/2012 | 406.00 | | 203.05 | | | 21,549.96 |
| 1/20/2013 | 2,956.50 | 93.05 | 207.96 | | | 24,807.47 |
| 2/20/2013 | 57.50 | | 208.23 | | 21.99 | 25,051.21 |
| 3/20/2013 | | | 191.61 | | | 25,242.82 |
| 4/20/2013 | 288.00 | | 242.44 | | | 25,773.26 |
| 5/20/2013 | | | 236.15 | | | 26,009.41 |
| 6/20/2013 | | | 244.14 | | | 26,253.55 |
| 7/20/2013 | | | 239.05 | | | 26,492.60 |
| 8/20/2013 | | | 247.02 | | | 26,739.62 |
| 9/20/2013 | | | 247.02 | | | 26,986.64 |
| 10/20/2013 | | | 239.05 | | | 27,225.69 |
| 11/20/2013 | | | 247.02 | | | 27,472.71 |
| 12/20/2013 | | | 239.05 | | | 27,711.76 |
| 1/20/2014 | | | 247.02 | | | 27,958.78 |
| 2/20/2014 | | | 247.02 | | | 28,205.80 |
| 3/20/2014 | | | 223.10 | | | 28,428.90 |
| 4/20/2014 | | | 247.02 | | | 28,675.92 |
| 5/20/2014 | | | 239.05 | | | 28,914.97 |
| 6/20/2014 | | | 247.02 | | | 29,161.99 |
| 7/20/2014 | | | 239.05 | | | 29,401.04 |
| 8/20/2014 | | | 247.02 | | | 29,648.06 |
| 9/20/2014 | | | 247.02 | | | 29,895.08 |
| 10/20/2014 | | | 239.05 | | | 30,134.13 |
| 11/20/2014 | | | 247.02 | | | 30,381.15 |
| Total | 24,931.75 | 520.33 | 6,869.70 | 1,938.64 | 21.99 | |

0066

Summary

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 5/20/2009 | 13,562.50 | 20.00 | - | | - | 13,582.50 |
| 6/20/2009 | 20,221.25 | 10.00 | - | 13,582.50 | - | 20,231.25 |
| 7/20/2009 | 24,222.50 | 354.77 | - | | - | 44,808.52 |
| 8/20/2009 | 563.75 | - | - | | - | 45,372.27 |
| 9/20/2009 | 665.00 | - | - | 563.75 | - | 45,473.52 |
| 10/20/2009 | 340.00 | - | - | 1,005.00 | - | 44,808.52 |
| 11/20/2009 | 3,197.50 | 10.00 | - | - | - | 48,016.02 |
| 12/20/2009 | 6,212.50 | 20.00 | - | 3,207.50 | - | 51,041.02 |
| 1/20/2010 | 12,367.50 | 157.31 | - | - | - | 63,565.83 |
| 2/20/2010 | 1,121.25 | 20.00 | - | - | - | 64,707.08 |
| 3/20/2010 | 6,242.00 | 10.00 | - | - | - | 70,959.08 |
| 4/20/2010 | - | - | - | - | - | 70,959.08 |
| 5/20/2010 | 4,470.00 | 22.42 | - | - | - | 75,451.50 |
| 6/20/2010 | 3,928.25 | 19.00 | - | - | - | 79,398.75 |
| 7/20/2010 | 6,170.00 | - | - | - | - | 85,568.75 |
| 8/20/2010 | 3,514.75 | 15.00 | - | - | - | 89,098.50 |
| 9/20/2010 | 40.00 | - | - | - | - | 89,138.50 |
| 10/20/2010 | 832.50 | 29.48 | - | - | - | 90,000.48 |
| 11/20/2010 | - | - | - | 5,000.00 | - | 85,000.48 |
| 12/20/2010 | - | - | - | - | - | 85,000.48 |
| 1/20/2011 | - | - | - | - | - | 85,000.48 |
| 2/20/2011 | - | - | - | - | - | 85,000.48 |
| 3/20/2011 | - | - | - | - | - | 85,000.48 |
| 4/20/2011 | - | - | - | - | - | 85,000.48 |
| 5/20/2011 | - | - | - | - | - | 85,000.48 |
| 6/20/2011 | 4,733.25 | 1.44 | - | 379.18 | - | 89,355.99 |
| 7/20/2011 | 3,430.50 | 76.38 | - | - | - | 92,862.87 |
| 8/20/2011 | 6,842.25 | 132.84 | - | 5,506.88 | - | 96,331.08 |
| 9/20/2011 | 3,135.75 | 94.20 | - | 3,229.95 | - | 96,331.08 |
| 10/20/2011 | 957.50 | - | - | 957.50 | - | 96,331.08 |
| 11/20/2011 | 5,420.25 | - | - | - | - | 101,751.33 |
| 12/20/2011 | 16,386.25 | 49.00 | - | - | - | 118,186.58 |
| 1/20/2012 | 10,223.00 | 304.56 | - | - | - | 128,714.14 |
| 2/20/2012 | 7,296.50 | 299.34 | - | - | - | 136,309.98 |
| 3/20/2012 | 2,306.75 | 21.12 | - | - | - | 138,637.85 |
| 4/20/2012 | 9,145.00 | 427.28 | - | - | - | 148,210.13 |
| 5/20/2012 | 7,944.50 | - | - | - | - | 156,154.63 |
| 6/20/2012 | 2,773.00 | - | 1,491.82 | - | - | 160,419.45 |
| 7/20/2012 | 4,841.50 | 6.20 | 1,486.06 | - | - | 166,753.21 |
| 8/20/2012 | 2,059.50 | 458.00 | 1,614.02 | 4,264.82 | - | 166,616.91 |
| 9/20/2012 | 6,299.50 | 90.56 | 1,614.02 | 6,323.75 | - | 168,287.23 |
| 10/20/2012 | 8,600.00 | - | 1,562.95 | - | - | 178,450.18 |

0067

Summary

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 11/20/2012 | 127.00 | 185.26 | 1,645.89 | . | . | 130,409.33 |
| 12/20/2012 | 406.00 | . | 1,659.65 | . | . | 132,474.98 |
| 1/20/2013 | 2,956.50 | 93.05 | 1,776.72 | 5,000.00 | . | 182,301.25 |
| 2/20/2013 | 6,147.50 | 49.91 | 1,746.79 | . | 21.99 | 190,223.46 |
| 3/20/2013 | 175.50 | 2.20 | 1,581.53 | . | 2.32 | 191,980.17 |
| 4/20/2013 | 288.00 | | 1,721.00 | . | . | 194,049.17 |
| 5/20/2013 | 384.00 | . | 1,784.53 | . | . | 196,217.70 |
| 6/20/2013 | 562.50 | . | 1,847.98 | . | . | 198,628.18 |
| 7/20/2013 | . | . | 1,791.32 | . | . | 200,419.50 |
| 8/20/2013 | 565.50 | 10.00 | 1,855.02 | . | . | 202,850.02 |
| 9/20/2013 | . | 4.00 | 1,860.64 | . | . | 204,714.66 |
| 10/20/2013 | 612.00 | . | 1,800.85 | . | . | 207,127.51 |
| 11/20/2013 | 212.50 | 4.70 | 1,866.59 | . | . | 209,211.30 |
| 12/20/2013 | 1,494.00 | . | 1,806.66 | . | . | 212,511.96 |
| 1/20/2014 | 1,062.00 | . | 1,873.03 | . | . | 215,446.99 |
| 2/20/2014 | 928.00 | . | 1,876.21 | . | . | 218,251.20 |
| 3/20/2014 | 1,739.50 | . | 1,707.71 | . | . | 221,698.41 |
| 4/20/2014 | 1,857.00 | . | 1,901.27 | . | . | 225,456.68 |
| 5/20/2014 | 2,149.50 | 66.50 | 1,849.86 | . | . | 229,522.54 |
| 6/20/2014 | 4,954.75 | 56.00 | 1,929.82 | . | . | 236,463.11 |
| 7/20/2014 | 852.00 | . | 1,886.31 | . | . | 239,201.42 |
| 8/20/2014 | 504.00 | . | 1,972.96 | . | . | 241,678.38 |
| 9/20/2014 | 1,986.50 | . | 1,994.17 | 6,582.75 | . | 237,075.80 |
| 10/20/2014 | 197.00 | . | 1,885.57 | 5,779.50 | . | 233,378.87 |
| 11/20/2014 | 880.00 | . | 1,941.20 | . | . | 236,200.07 |
| | 241,107.00 | 3,318.52 | 53,391.95 | 61,393.09 | 24.31 | |

```
***********************
***  FAX TX REPORT  ***
***********************

TRANSMISSION OK

JOB NO.                  0401
DESTINATION ADDRESS      19034279523
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                 12/04 09:14
USAGE T                  01'53
PGS.                     12
RESULT                   OK
```

# J. BENNETT WHITE, P.C.

ATTORNEYS & COUNSELORS

J. BENNETT WHITE
bw@jbwlawfirm.com

LAURA S. SEVERT
lsevert@jbwlawfirm.com

1911 PRUITT PLACE

TYLER, TEXAS 75703

(903) 597-4300

FAX (903) 597-4330

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwlawfirm.com

---

## FACSIMILE TRANSMITTAL SHEET

---

DATE:        December 3, 2014                # OF PAGES INCLUDING COVER:  12

RE:          Wendell Reeder (General)

TO:          Wendell A. Reeder                ORIGINAL MAILED:  No

FAX:         903-427-5521

FROM:        JBW

---

[ ] URGENT          [ ] FOR REVIEW          [ ] PLEASE COMMENT

---

NOTES/COMMENTS:

Please see attached.

0069

# J. BENNETT WHITE, P.C.

ATTORNEYS & COUNSELORS

1011 FRUIT PLACE

TYLER, TEXAS 75703

(903) 597-4300

FAX (903) 597-4330

J. BENNETT WHITE
jbw@jbwlawfirm.com

LAURA S. SEVERT
lsevert@jbwlawfirm.com

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwlawfirm.com

## FACSIMILE TRANSMITTAL SHEET

DATE: December 3, 2014      # OF PAGES INCLUDING COVER: 12

RE: Wendell Reeder (General)

TO: Wendell A. Reeder      ORIGINAL MAILED: No

FAX: 903-427-5521

FROM: JBW

[ ] URGENT     [ ] FOR REVIEW     [ ] PLEASE COMMENT

NOTES/COMMENTS:

Please see attached.

THIS TRANSMISSION IS FOR THE EXCLUSIVE USE OF THE ADDRESSEE AND CONTAINS CONFIDENTIAL AND PRIVILEGED INFORMATION. IF THE RECIPIENT OF THIS TRANSMISSION IS NOT THE ADDRESSEE, SUCH RECIPIENT IS PROHIBITED FROM READING OR USING THIS TRANSMISSION IN ANY WAY. IF YOU HAVE RECEIVED THIS TRANSMISSION BY MISTAKE, PLEASE CALL US IMMEDIATELY (COLLECT, IF LONG DISTANCE) AND DESTROY ALL PAGES OF THE TRANSMISSION.

0070

# EXHIBIT 12

06/19/2015 FRI 11:27    FAX 903 397 4990 O BENNETT WHITE TO, ....

6/10/2015

From:    Barbara Watts <barbara.cogc@yahoo.com>
To:      Bennett White <jbw@jbwlawfirm.com>
Sent:    1/20/2015  4:34PM
Subject: Lama/Smith & Coffman Closing

Bennett,

Another close date has been scheduled for this Friday afternoon, January 23rd.  Seems like something happens each time it is scheduled, but hopefully this time it will actually close.  Just wanted to keep you informed.

Barbara
903 427-5696

0072

EXHIBIT 13

# Email Report

### Form Format

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | 1/23/2015 | Time | 3:17PM | 12:00AM | Duration | 0.00 (hours) | Code | Client |
| Subject | Smith & Coffman/Lama Close | | | | | | Staff | J. Bennett White |
| Client | Watts, Barbara A. | | | MatterRef Reeder, Wendell (General) | | | | MatterNo 08-1086 |
| From | Barbara Watts <barbara.cogc@yahoo.com> | | | | | | | |
| To | Bennett White <jbw@jbwlawfirm.com> | | | | | | | |
| CC To | | | | | | | | |
| BCC To | | | | | | | | |
| Reminders | | | (days before) Follow | Done | Notify | Hide | Trigger | Private | Status |

User1                                          User3
User2                                          User4

Bennett,

The Lama close did not happen today. Yesterday afternoon, Lama told the bank he didn't want the loan. All the many documents were done and redone several times, even the closing statement was ready, but Lama decided not to take the loan. The banker is going to charge him for the appraisal and all the work they did and I don't know if he will decide to go through with it later, but for right now it is not happening. Wendell is looking into some other options.

I will keep you informed as I get more info.

Barbara

# EXHIBIT 14

WENDELL REEDER
P. O. BOX 1238
CLARKSVILLE, TEXAS 75426

February 27, 2015

J. Bennett White, PC
P. O. Box 6250
Tyler, TX 75711

Bennett,

Enclosed is a check for $31,166.45 that I was able to come up with at this time to help you get through your financial crisis. I hope it is enough to relieve some of the pressure. I am paying this as settlement for the enclosed statements.

| General | $ 6,062.86 |
|---------|-----------|
| Forest Hill | 1,611.94 |
| V Fry (Sup. Ct.) | 23,491.65 |
| Total | $31,166.45 |

Hopefully, I will be able to settle on the balance of the statement before too long.

Sincerely,

Wendell Reeder

0076

General

| Invoice Date | New Charges | | Interest | Payments | Credit | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 6/20/2011 | 2,523.75 | | | 979.33 | | 3,144.07 |
| 7/20/2011 | 2,285.75 | 40.84 | | | | 4,470.66 |
| 8/20/2011 | 3,789.23 | 131.00 | | 2,326.59 | | 6,064.32 |
| 9/20/2011 | 1,819.50 | 93.00 | | 1,910.50 | | 6,064.32 |
| 10/20/2011 | 822.50 | | | 922.50 | | 6,064.32 |
| 11/20/2011 | 2,313.00 | | | | | 8,377.32 |
| 12/20/2011 | | | | | | 8,377.32 |
| 1/20/2012 | | | | | | 8,377.32 |
| 2/20/2012 | | | | | | 8,377.32 |
| 3/20/2012 | | | | | | 8,377.32 |
| 4/20/2012 | | | | | | 8,377.32 |
| 5/20/2012 | | | | | | 8,377.32 |
| 6/20/2012 | | | 86.59 | | | 8,463.91 |
| 7/20/2012 | | | 83.80 | | | 8,547.71 |
| 8/20/2012 | | | 86.59 | 86.59 | | 8,547.71 |
| 9/20/2012 | | | 86.59 | 83.80 | | 8,550.50 |
| 10/20/2012 | | | 83.80 | | | 8,634.30 |
| 11/20/2012 | | | 86.59 | | | 8,720.89 |
| 12/20/2012 | | | 83.80 | | | 8,804.69 |
| 1/20/2013 | | | 86.59 | | | 8,891.28 |
| 2/20/2013 | | | 86.59 | | | 8,977.87 |
| 3/20/2013 | | | 78.21 | | | 9,056.08 |
| 4/20/2013 | | | 86.59 | | | 9,142.67 |
| 5/20/2013 | | | 83.80 | | | 9,226.47 |
| 6/20/2013 | | | 86.59 | | | 9,313.06 |
| 7/20/2013 | | | 83.80 | | | 9,396.86 |
| 8/20/2013 | | | 86.59 | | | 9,483.45 |
| 9/20/2013 | | | 86.59 | | | 9,570.04 |
| 10/20/2013 | | | 83.80 | | | 9,653.84 |
| 11/20/2013 | | | 86.59 | | | 9,740.43 |
| 12/20/2013 | | | 83.80 | | | 9,824.23 |
| 1/20/2014 | | | 86.59 | | | 9,910.82 |
| 2/20/2014 | | | 86.59 | | | 9,997.41 |
| 3/20/2014 | | | 78.21 | | | 10,075.62 |
| 4/20/2014 | | | 86.59 | | | 10,162.21 |
| 5/20/2014 | | | 83.80 | | | 10,246.01 |
| 6/20/2014 | | | 86.59 | | | 10,332.60 |
| 7/20/2014 | | | 83.80 | | | 10,416.40 |
| 8/20/2014 | | | 86.59 | | | 10,502.99 |
| 9/20/2014 | | | 86.59 | | | 10,589.58 |
| 10/20/2014 | | | 83.80 | | | 10,673.38 |
| 11/20/2014 | | | 86.59 | | | 10,759.97 |
| Total | 13,553.73 | 252.84 | 1,653.04 | 5,695.16 | | |

0077

Forest Hill

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 6/20/2011 | 146.50 | | | | | 146.50 |
| 7/20/2011 | 528.75 | | | | | 675.25 |
| 8/20/2011 | 471.25 | | | 528.75 | | 617.75 |
| 9/20/2011 | | | | | | 617.75 |
| 10/20/2011 | | | | | | 617.75 |
| 11/20/2011 | | | | | | 617.75 |
| 12/20/2011 | 765.00 | | | | | 1,382.75 |
| 1/20/2012 | | 3.00 | | | | 1,385.75 |
| 2/20/2012 | | | | | | 1,385.75 |
| 3/20/2012 | 142.50 | | | | | 1,528.25 |
| 4/20/2012 | 264.00 | | | | | 1,792.25 |
| 5/21/2012 | | | | | | 1,792.25 |
| 6/20/2012 | 162.00 | | 15.88 | | | 1,970.13 |
| 7/20/2012 | | | 17.93 | | | 1,994.06 |
| 8/20/2012 | | | 18.52 | 193.88 | | 1,828.70 |
| 9/20/2012 | | | 18.52 | 17.93 | | 1,830.29 |
| 10/20/2012 | | | 17.93 | | | 1,847.22 |
| 11/20/2012 | | | 18.52 | | | 1,865.74 |
| 12/20/2012 | | | 17.93 | | | 1,883.67 |
| 1/20/2013 | | | 18.52 | | | 1,902.19 |
| 2/20/2013 | | | 18.52 | | | 1,920.71 |
| 3/20/2013 | | | 16.73 | | | 1,937.44 |
| 4/20/2013 | | | 18.52 | | | 1,955.96 |
| 5/20/2013 | | | 17.93 | | | 1,973.89 |
| 6/20/2013 | | | 18.52 | | | 1,992.41 |
| 7/20/2013 | | | 17.93 | | | 2,010.34 |
| 8/20/2013 | | | 18.52 | | | 2,028.86 |
| 9/20/2013 | | | 18.52 | | | 2,047.38 |
| 10/20/2013 | | | 17.93 | | | 2,065.31 |
| 11/20/2013 | | | 18.52 | | | 2,083.83 |
| 12/20/2013 | | | 17.93 | | | 2,101.76 |
| 1/20/2014 | | | 18.52 | | | 2,120.28 |
| 2/20/2014 | | | 18.52 | | | 2,138.80 |
| 3/20/2014 | | | 16.73 | | | 2,155.53 |
| 4/20/2014 | | | 18.52 | | | 2,174.05 |
| 5/20/2014 | | | 17.93 | | | 2,191.98 |
| 6/20/2014 | | | 18.52 | | | 2,210.50 |
| 7/20/2014 | | | 17.93 | | | 2,228.43 |
| 8/20/2014 | | | 18.52 | | | 2,246.95 |
| 9/20/2014 | | | 18.52 | | | 2,265.47 |
| 10/20/2014 | | | 17.93 | | | 2,283.40 |
| 11/20/2014 | | | 18.52 | | | 2,301.92 |
| Total | 2,486.00 | 3.00 | 742.48 | 740.56 | | |

0078

v. Fry (Sup. Ct.)

| Invoice Date | New Charges | | Interest | Payments | Credits | Balance |
|---|---|---|---|---|---|---|
| | Fees | Expenses | | | | |
| 12/20/2011 | 10,923.75 | | | | | 10,923.75 |
| 1/20/2012 | 2,600.00 | | | | | 13,523.75 |
| 2/20/2012 | | | | | | 13,523.75 |
| 3/20/2012 | 860.00 | | | | | 14,383.75 |
| 4/20/2012 | 5,135.50 | 427.28 | | | | 19,946.53 |
| 5/20/2012 | 92.00 | | | | | 20,038.53 |
| 6/20/2012 | 1,463.00 | | 206.20 | | | 21,707.73 |
| 7/20/2012 | 69.00 | | 200.44 | | | 21,977.17 |
| 8/20/2012 | | | 207.12 | 1,669.20 | | 20,515.09 |
| 9/20/2012 | 46.00 | | 207.12 | 269.44 | | 20,498.77 |
| 10/20/2012 | 34.50 | | 200.44 | | | 20,733.71 |
| 11/20/2012 | | | 207.20 | | | 20,940.91 |
| 12/20/2012 | 406.00 | | 203.05 | | | 21,549.96 |
| 1/20/2013 | 2,956.50 | 93.05 | 207.96 | | | 24,807.47 |
| 2/20/2013 | 57.50 | | 208.23 | | 21.99 | 25,051.21 |
| 3/20/2013 | | | 191.61 | | | 25,242.82 |
| 4/20/2013 | 788.00 | | 242.44 | | | 25,773.26 |
| 5/20/2013 | | | 236.15 | | | 26,009.41 |
| 6/20/2013 | | | 243.14 | | | 26,253.35 |
| 7/20/2013 | | | 239.05 | | | 26,492.60 |
| 8/20/2013 | | | 247.02 | | | 26,739.62 |
| 9/20/2013 | | | 247.02 | | | 26,986.64 |
| 10/20/2013 | | | 239.05 | | | 27,225.69 |
| 11/20/2013 | | | 247.02 | | | 27,472.73 |
| 12/20/2013 | | | 239.05 | | | 27,711.78 |
| 1/20/2014 | | | 247.02 | | | 27,958.78 |
| 2/20/2014 | | | 247.02 | | | 28,205.80 |
| 3/20/2014 | | | 223.10 | | | 28,428.90 |
| 4/20/2014 | | | 247.02 | | | 28,675.92 |
| 5/20/2014 | | | 239.05 | | | 28,914.97 |
| 6/20/2014 | | | 247.02 | | | 29,161.99 |
| 7/20/2014 | | | 239.05 | | | 29,401.04 |
| 8/20/2014 | | | 247.02 | | | 29,648.06 |
| 9/20/2014 | | | 247.02 | | | 29,895.08 |
| 10/20/2014 | | | 239.05 | | | 30,134.13 |
| 11/20/2014 | | | 247.02 | | | 30,381.15 |
| Total | 24,931.75 | 520.33 | 8,289.70 | 1,938.64 | 21.99 | |

0079

EXHIBIT 15

0080

# J. BENNETT WHITE, P.C.

J. BENNETT WHITE
jbw@jbwlawfirm.com

LAURA S. SEVERT
lsevert@jbwlawfirm.com

ATTORNEYS & COUNSELORS

1011 PRUITT PLACE

TYLER, TEXAS 75703

(903) 597-4300

FAX (903) 597-4330

POST OFFICE BOX 6250
TYLER, TEXAS 75711-6250

TWYLA FIELDS, CP
CERTIFIED PARALEGAL
tfields@jbwlawfirm.com

April 9, 2015

*CMRRR 7013 3020 0001 1463 7794*
*and regular mail*

Mr. Wendell Reeder
P.O. Box 1208
Clarksville, Texas 75426

      Re:    *Cause No. 11-30397*
             *In re Mohammad Hanif*

             *Cause No. 11-03338*
             *CLARKSVILLE OIL & GAS, LTD. AND WASMA, INC.,*
             *Plaintiffs v. MOHAMMAD HANIF, Defendant*

Dear Mr. Reeder:

Given our recent conversations, I will be withdrawing from Clarksville's representation in the above referenced bankruptcy proceedings. I will be sending you a separate letter discussing the status of that case.

You should go ahead and proceed to locate new counsel so that Clarksville's and WASMA's representation will not be interrupted.

Also, please be aware that we are not required to release your file to you or any new counsel without your balance having been paid.

By the time you get this letter, a lawsuit will have been filed against you for your unpaid account balances. This letter formally presents you with those claims. If you pay the complete balance owed within thirty (30) days of the date of this letter you will not be liable for the attorneys' fees I incur in pursuing these claims. After 30 days from the date of this letter, you will become liable for my attorneys' fees, in addition to the account balances.

Sincerely,

J. BENNETT WHITE

JBW/sg

0081

| | | |
|---|---|---|
| **J. BENNETT WHITE, P.C.** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| **WENDELL REEDER** | § | **WOOD COUNTY, TEXAS** |

## DEFENDANT WENDELL REEDER'S RESPONSE AND BRIEF IN SUPPORT TO PLAINTIFF'S MOTION TO DISQUALIFY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WENDELL REEDER, Defendant in the above-entitled and numbered cause, and files this his Response to Plaintiff's Motion to Disqualify and Brief in Support, and in support of such Response would respectfully show unto the Court as follows:

## I.
## Background

Plaintiff filed suit against his former client, Wendell Reeder, alleging that the Mr. Reeder failed to pay all of the legal fees incurred by Plaintiff on behalf of Mr. Reeder in the course of Plaintiff's representation of Mr. Reeder. During a portion of the time that Plaintiff represented Mr. Reeder, a legal assistant named Jennifer Smith worked for Plaintiff.

On April 14, 2015, Mr. Reeder retained the undersigned counsel to represent him individually, as well as in a number of other business and litigation related matters. The majority of these matters were previously handled by Plaintiff's firm. On the same day as the undersigned counsel was retained by Mr. Reeder, Plaintiff filed this suit suing Mr. Reeder for alleged unpaid legal fees.

Prior to being retained by Mr. Reeder, the undersigned counsel was contacted by Ms. Smith who inquired about a position with the undersigned's law office.[1] Ms. Smith was re-hired by Mayo Mendolia & Vice, LLP on April 16, 2015.

Prior to the retention of Mr. Reeder as a client, there were other cases in which both the law office of Mayo Mendolia & Vice, LLP and Plaintiff were involved. Therefore, when Ms. Smith was re-hired by Mayo Mendolia & Vice, LLP, the undersigned counsel had already contemplated the segregation of Ms. Smith from these files as a matter of precaution. At the time of Ms. Smith's re-hire, all cases in which Mayo Mendolia & Vice, LLP were involved in any capacity with Plaintiff's office were disclosed to Ms. Smith. Instruction was issued by the undersigned counsel to Ms. Smith and all firm personnel that Ms. Smith was to field no calls associated with these files, was not to access these files via the firm server or by viewing the hard files, and was not to discuss these files, even in casual conversation, with any firm employee or partner until further notice from the undersigned counsel. All of these files were assigned to another legal assistant in the office and the hard files were placed in a segregated office from Ms. Smith's office.

Since the commencement of Ms. Smith's employment with this office, the utmost care has been taken to segregate Ms. Smith from any file in which she may have had prior involvement. To date, Ms. Smith has remained completely isolated from any file where representation, at some point, may have been by Plaintiff's office. This statement is particularly true in relation to the files, including this one, associated with Mr. Reeder.

---

[1]Ms. Smith had previously worked for Mayo Mendolia & Vice, LLP, and formerly for Mayo Mendolia & Starr, LLP, from 2008 until March 2012.

**Evidence in Support of Response**

1. Affidavit of J. Keith Mayo- attached hereto as Exhibit "A" and incorporated herein by reference.

**II.**
**Argument and Authorities**

The Texas Rules of Professional Conduct were made and incorporated so that attorneys in the state of Texas would not act unprofessionally and unethically when representing the interests of their clients or in any situation where a lack of ethics will have negative effects on an involved party. This is not one of those cases. Ms. Smith has not done any work on the *Bennett v. Reeder* case since beginning work at the Mayo, Mendolia & Vice, nor has she divulged any confidential information about the case to anyone at the firm. Since the Defendant's attorney properly screened Ms. Smith and made sure she did not divulge any information concerning this action, the Court should not grant the Plaintiff's motion to disqualify and allow the Defendant's attorney to participate in this trial.

**I.  Ms. Smith was properly screened about the matter before any work was done on the case.**

In America, federal antitrust laws give prospective employees the right to solicit their own employment and choose from any job offer that is presented to them. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447 (1993). Disqualifying the Defendant's Attorney simply because he hired an employee, an employee with a sterling reputation in the legal industry, would not only be a miscarriage of justice, but would violate Section II of the Sherman Antitrust Act. It is not unreasonable to believe that attorneys in the Tyler, Texas area, where Ms. Smith lives, would be regular opponents in Court so this disqualification effectively bars Ms. Smith from working as a paralegal anywhere in the area she lives. This cannot be the intent of the Texas Rules of Professional

Conduct pertaining to disqualification. The Texas Supreme Court agrees. Because a potential employer would be less inclined to hire paralegals due to the threat of disqualification, the Court held that any restrictions on the non-lawyer should be held to the minimum necessary to protect confidentiality. *Phoenix Founders, Inc. v. Marshall*, 87 S.W.2d 831, 835 (1994).

The court held that a non-lawyer employee must be cautioned not to disclose any information relating to the representation of a client of the former employer and should also be instructed to not work on any matter on which the employee worked during the prior employment. *Phoenix Founders*, 87 S.W.2d 831, 835. In this case, the Defendant's attorney instructed Ms. Smith not to disclose any information or to work on any matter that she worked on as a member of the Plaintiff's firm. Not only has Ms. Smith not disclosed any information, but she hasn't been anywhere near any of the work done on aforementioned matters.

The Court also calls for "other reasonable steps" to be made to ensure that no information is leaked. *Id.* When this case was brought to the Defendant's attorney's firm, Ms. Smith was completely segregated from all the work. The files were made unavailable for her access. The physical files were moved to a segregated office and Ms. Smith was again instructed not to access those files. Furthermore, staff was instructed to isolate Ms. Smith from any phone calls related to these cases and this case in particular.

The distinct possibility of Ms. Smith using this information is not enough to disqualify the Defendant's attorney. The Defendant's attorney took the necessary steps to ensure that Ms. Smith would not divulge any information at all concerning her work on these files while employed by Plaintiff. Defendant should be allowed to participate in this case and vigorously defend his client. Our State's highest court made this ruling because it did not want to create a chilling effect on the

employment of capable paralegals when the risk of divulging confidential or competing information has been duly controlled by measured steps.

## II.    Ms. Smith does not present a genuine threat of disclosure of the information.

The Texas Rules of Professional Conduct do not allow a lawyer who has previously represented a client to use information that would create a disadvantage for the former client. Tex. R. Prof. Conduct 1.09(a)(3). These same rules apply to legal assistants and clerks under direct supervision of partners in law firms as well. Texas. R. Prof. Conduct 5.03(b)(1). In Texas, the burden of proof is on the movant to disqualify opposing council by establishing, by a preponderance of the evidence, that the matter in question is substantially related to matters previously worked on by the attorney or legal assistant, that there is a genuine threat of disclosure, and [the movant] must have factual evidence to support this. *Home Ins. Co. v. Marsh*, 790 S.W.2d 749, 753 (1990). Neither party disputes the fact that Ms. Smith worked directly on this case. In fact, Ms. Smith was one of three legal assistants employed by the Plaintiff with access to confidential information about this case. Ms. Smith has taken on a full caseload at the Defendant's attorney's firm and has been occupied with other, unrelated work since taking the job. The Defendant's attorney has two [other] legal assistants and a clerk working on the matter at hand and they have been instructed not to speak about the matter to Ms. Smith. Ms. Smith has been otherwise occupied the entire time she has been employed by the Defendant's attorney and has not assisted any employee or member of the firm in handling this case, thus she is not a legitimate threat to divulge information.

Unless opposing council can submit evidence that proves Ms. Smith is a threat to divulge confidential information, it is not proper for the Defendant's Attorney to excuse himself from

working on this case. Defendant respectfully requests that the Court DENY Plaintiff's request for these reasons.

**III.** **Ms. Smith has not spoken of or worked on any matter related to her employment by the Plaintiff.**

Now, the court must question whether the proper effect of screening has occurred. "Ordinarily, disqualification is not required as long as the practical effect of formal screening has been achieved." *In Re Complex Asbestos Litigation*, 232 Cal.App.3d 572, 596. The challenged attorney must show that the employee in question has not and will not disclose any of the relevant information. *Asbestos*, 232 Cal.App.3d 572, 596.

Since leaving the Plaintiff's firm, Ms. Smith has not worked on or spoken of any matter that she worked on during her time as an employee of the Plaintiff. As a dedicated employee, Ms. Smith understands the importance of a client's right to privilege and that leaking any information related to this matter would be unethical. Despite her vigorous screening and all the extreme measures taken to create a Chinese Wall, if Ms. Smith were to leak information, the Defendant's attorney would have no choice but to disqualify himself. *Id.*

Ms. Smith was specifically told not to work the case and or look over the files. She did not say a word about the case to anyone at the firm. When the Defendant's attorney screened Ms. Smith, he became aware of her knowledge of this case and took the proper steps to make sure she would not volunteer any confidential information. Despite the fact that she has complete knowledge of the case, Ms. Smith has not broken privileged with her former employer. The legal assistants and clerk

working on the case were also instructed not to speak with Ms. Smith under any circumstances about the case.

## Conclusion

Because Ms. Smith has been properly screened and has not worked on or divulged any confidential information concerning the matter at hand, the Defendant's attorney should not be disqualified from working on this case. None of the actions taken by Mayo, Mendolia & Vice, LLP violate the Texas Rules of Professional Conduct with respect to conflicts of interest. Disqualifying the Defendant's attorney would not only severely inhibit the Defendant's case, but would violate federal antitrust laws and keep Ms. Smith from effectively providing for her family because no firms in the Tyler, Texas area who have any working relationship with the Plaintiff would hire her. Ms. Smith was told not to work on the case and has not worked on the case. Since none of Ms. Smith's actions while working for the Defendant's attorney endangers the Plaintiff's right to confidence, the Defendant therefore requests that the Court deny his motion for disqualification of the Defendant's attorney, and requests such other and further relief as to which Defendant may show himself justly entitled.

Respectfully submitted,

**MAYO MENDOLIA & VICE, L.L.P.**
110 N. College Ave., Ste. 101
Tyler, Texas 75702
903-747-3422
903-747-3436 fax

By: /s/ J. Keith Mayo
   **J. KEITH MAYO**
   State Bar No.: 00794251

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered in the manner stated below to all parties or their attorneys in this cause on the 22nd day of June, 2015.

**Via Fax 903-597-4330**
J. Bennett White
PO Box 6250
Tyler, Tx 75711
903-597-4300

/s/ J. Keith Mayo
**J. KEITH MAYO**

0089

# EXHIBIT "A"

## AFFIDAVIT OF J. KEITH MAYO

STATE OF TEXAS                           §
                                         §
                                         §
COUNTY OF SMITH                          §

Before me, the undersigned notary, on this day personally appeared J. Keith Mayo whose identity is known to me. After making his oath, he said:

"My name is J. Keith Mayo. I am more than 21 years of age and am of sound mind and capable of making this Affidavit. I have not been convicted of a felony or a crime involving moral turpitude and I have personal knowledge of the facts set forth in this Affidavit and each are true and correct."

"On April 14, 2015, Mr. Reeder retained the undersigned counsel to represent him individually, as well as in a number of other business and litigation related matters. The majority of these matters were previously handled by Plaintiff's firm. On the same day as the undersigned counsel was retained by Mr. Reeder, Plaintiff filed this suit suing Mr. Reeder for alleged unpaid legal fees."

"Prior to being retained by Mr. Reeder, the undersigned counsel was contacted by Ms. Smith who inquired about a position with the undersigned's law office.[1] Ms. Smith was re-hired by Mayo Mendolia & Vice, LLP on April 16, 2015."

"Prior to the retention of Mr. Reeder as a client, there were other cases in which both the law office of Mayo Mendolia & Vice, LLP and Plaintiff were involved. Therefore, when Ms. Smith was re-hired by Mayo Mendolia & Vice, LLP, the undersigned counsel had already contemplated the segregation of Ms. Smith from these files as a matter of precaution. At the

---

[1]Ms. Smith had previously worked for Mayo Mendolia & Vice, LLP, and formerly for Mayo Mendolia & Starr, LLP, from 2008 until March 2012.

**AFFIDAVIT OF J. KEITH MAYO – Page 1 of 2**

time of Ms. Smith's re-hire, all cases in which Mayo Mendolia & Vice, LLP were involved in any capacity with Plaintiff's office were disclosed to Ms. Smith. Instruction was issued by the undersigned counsel to Ms. Smith and all firm personnel that Ms. Smith was to field no calls associated with these files, was not to access these files via the firm server or by viewing the hard files, and was not to discuss these files, even in casual conversation, with any firm employee or partner until further notice from the undersigned counsel. All of these files were assigned to another legal assistant in the office and the hard files were placed in a segregated office from Ms. Smith's office."

"Since the commencement of Ms. Smith's employment with this office, the utmost care has been taken to segregate Ms. Smith from any file in which she may have had prior involvement. To date, Ms. Smith has remained completely isolated from any file where representation, at some point, may have been by Plaintiff's office. This statement is particularly true in relation to the files, including this one, associated with Mr. Reeder."

"Further Affiant Sayeth Not"

Dated this 22 day of June, 2015.

AFFIANT:

J. KEITH MAYO

SUBSCRIBED AND SWORN TO BEFORE ME on this 22nd day of June, 2015, to certify which witness my hand and official seal.



CODI NICOLE FOSTER
My Commission Expires
April 28, 2019

NOTARY PUBLIC, STATE OF TEXAS

**AFFIDAVIT OF J. KEITH MAYO – Page 2 of 2**

Filed:7/23/2015 3:04:50 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Jennifer Mosher

**CAUSE NO. 2015-184**

| | | |
|---|---|---|
| **J. BENNETT WHITE, P.C.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **INAND FOR** |
| | § | |
| | § | |
| **WENDELL REEDER,** | § | |
| **Defendant.** | § | **WOOD COUNTY, TEXAS** |

## NOTICE OF APPEARANCE AS COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Jack Walker of Martin Walker, P.C., and hereby files this *Notice of Appearance as Counsel* for Defendant, WENDELL REEDER, in the referenced civil action.   The undersigned respectfully requests to be added as an attorney to be noticed so that he may receive copies of all filing in this cause.

Respectfully submitted,



The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

BY: /s/ John F. (Jack) Walker, III
     JOHN F. (JACK) WALKER, III
     Bar No. 00785167

ATTORNEY FOR DEFENDANT

0093

# CERTIFICATE OF SERVICE

I hereby certify that on this the 23th day of July, 2015, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to each counsel of record listed below.   To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Texas Rules of Civil Procedure.

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax

J. KEITH MAYO
MAYO MENDOLIA & VICE, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax

 /s/ John F. (Jack) Walker, III
JOHN F. (JACK) WALKER, III

0094

**Filed:7/23/2015 3:04:50 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Jennifer Mosher**

## CAUSE NO. 2015-184

| | | |
|---|---|---|
| **J. BENNETT WHITE, P.C.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **INAND FOR** |
| | § | |
| | § | |
| **WENDELL REEDER,** | § | |
| **Defendant.** | § | **WOOD COUNTY, TEXAS** |

## MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant, WENDELL REEDER, in the above referenced cause of action by and through his attorneys of record, and files this Motion for Continuance of the hearing on Plaintiff's Motion for Summary Judgment and would show the court the following:

### I.

The hearing on Plaintiff's Motion for Summary Judgment is currently scheduled to take place on August 10, 2015. Procedurally, a Motion for Summary Judgment is premature as Defendant has had virtually no opportunity to complete or even begin discovery. A timeline of the proceeding in this case are as follows:

4/14/15     Plaintiff's Original Petition filed.

6/1/15      Defendant Wendell Reeder's Original Answer and General Denial filed.

6/11/15     Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, LLP as Attorney for Defendant Wendell Reeder filed.

6/19/15     Plaintiff's Motion for Summary Judgment filed.

6/23/15     Order Granting Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, LLP as Attorney for Defendant Wendell Reeder filed.

0095

Defendant has recently retained additional counsel to represent him in this matter. A Notice of Appearance of Additional Counsel naming Jack Walker has been filed in this matter concurrently with this motion. As of the date of filing of this Motion for Continuance, the Defendant has only been in the case for approximately 52 days. Defendant is entitled to the opportunity to conduct discovery and, at a minimum obtain the deposition of the Plaintiff, J. Bennett White with J. Bennett White, P.C. The Defendant would request that this court continue the hearing on the summary judgment so as to allow the parties to engage in discovery. This continuance is not sought for delay but so that justice may be done.

Respectfully submitted,

**MARTIN WALKER** P.C.

The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

BY: /s/ John F. (Jack) Walker, III
JOHN F. (JACK) WALKER, III
Bar No. 00785167

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of July, 2015, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to each counsel of record listed below. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Texas Rules of Civil Procedure.

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax

J. KEITH MAYO
MAYO MENDOLIA & VICE, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax

/s/ John F. (Jack) Walker, III
JOHN F. (JACK) WALKER, III

## CERTIFICATE OF CONFERENCE

I hereby certify that on this the 23rd day of July, 2015, I have conferred, or made a reasonable attempt to confer, with opposing counsel regarding this motion. Counsel are unable to reach an agreement upon the disposition of the matters raised by this motion.

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax

J. KEITH MAYO
MAYO MENDOLIA & VICE, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax

/s/ John F. (Jack) Walker, III
JOHN F. (JACK) WALKER, III

0097



G. Timothy Boswell
District Judge

Joy Parker, Court Coordinator
Una Garland, Court Reporter

August 4, 2015

J. Bennett White
Via: email

Jack Walker
Via: email

       RE:    Cause No. 2015-184
               White vs Reeder
               Wood County, Texas

Gentlemen:

I have just learned that Judge Boswell will not be here on Monday, August 10. Therefore, I am moving the hearing/trial in the above-referenced case to August 25, 2015, at 9:00 a.m. Additionally, this would cancel the August 6 continuance hearing.

I apologize for any inconvenience this may cause you and/or your client(s).

Very sincerely yours,

Joy Parker, Court Coordinator

/bjp

0098

Filed:8/6/2015 12:20:34 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Donna Graves

## CAUSE NO. 2015-184

| | | |
|---|---|---|
| **J. BENNETT WHITE, P.C.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **INAND FOR** |
| | § | |
| | § | |
| **WENDELL REEDER,** | § | |
| **Defendant.** | § | **WOOD COUNTY, TEXAS** |

### REQUEST FOR SETTING

Type of hearing requested:

Hearing on Defendant's Motion for Continuance of Summary Judgment Hearing.

Date requesting for hearing to be set:     August 20, 2015 at 9:00 a.m.

Estimated amount of time needed for hearing to be conducted:     30 minutes

Name, mailing address, and email address, of _ALL_ counsel and/or pro se litigants to be notified of hearing, including the requesting party:

Jack Walker
Martin Walker, PC
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax
jbw@jbwlawfirm.com

J. Keith Mayo
Mayo Mendolia & Vice, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax
jkm@mmvllp.com

0099

SIGNED this the \_\_6th\_\_ day of \_\_August\_\_, 2015.

_____
Requesting Attorney

## NOTICE OF HEARING

You are hereby notified that the above-styled and numbered cause of action is set for a hearing on the \_\_\_\_ day of _____, 2015 at _____ \_\_.m., in the 402nd Judicial District Courtroom, Wood County Courthouse, Quitman, Texas.

SIGNED this the \_\_\_\_\_ day of _____, 2015.

_____
Court Coordinator/Court Clerk

2

0100

Filed:8/6/2015 12:20:34 PM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Donna Graves

CAUSE NO. 2015-184

| | | |
|---|---|---|
| J. BENNETT WHITE, P.C., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | INAND FOR |
| | § | |
| | § | |
| WENDELL REEDER, | § | |
| Defendant. | § | WOOD COUNTY, TEXAS |

## REQUEST FOR SETTING

Type of hearing requested:

Hearing on Defendant's Motion for Continuance of Summary Judgment Hearing.

Date requesting for hearing to be set:     August 20, 2015 at 9:00 a.m.

Estimated amount of time needed for hearing to be conducted:     30 minutes

Name, mailing address, and email address, of *ALL* counsel and/or pro se litigants to be notified

of hearing, including the requesting party:


Jack Walker
Martin Walker, PC
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax
jbw@jbwlawfirm.com

J. Keith Mayo
Mayo Mendolia & Vice, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax
jkm@mmvllp.com

0101

SIGNED this the _16<sup>d</sup>_ day of _August_ , 2015.

_____
Requesting Attorney

## NOTICE OF HEARING

You are hereby notified that the above-styled and numbered cause of action is set for a hearing on the _20_ day of _Aug_ , 2015 at _9:00 A_.m., in the 402nd Judicial District Courtroom, **Wood** County Courthouse, Quitman, Texas.

SIGNED this the _6_ day of _Aug_ , 2015.

_____
Court Coordinator/Court Clerk

2015 AUG -6 PM 2: 26
FILED
JENIFA LUMLEY-CLERK
DISTRICT COURT
WOOD COUNTY TEXAS

2

0102

Filed:8/18/2015 9:44:31 AM
Jenica Turner, District Clerk
Wood County, Texas
Reviewed By:Donna Graves

CAUSE NO. 2015-184

| J. BENNETT WHITE, P.C., | § | IN THE DISTRICT COURT |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| V. | § | INAND FOR |
| | § | |
| | § | |
| WENDELL REEDER, | § | |
| Defendant. | § | WOOD COUNTY, TEXAS |

## RESPONSE TO SUMMARY JUDGMENT SUBJECT TO
## MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT HEARING

Defendant, Wendell Reeder responds to plaintiff's motion for summary judgment, subject

to his separately filed motion for continuance of the hearing on plaintiff's motion for summary

judgment as follows:

> This Court should deny White's traditional motion for summary of judgment for the following reasons:
>
> - White is not entitled to suit on sworn account treatment; this case wasn't pleaded as a suit on sworn account.
>
> - White failed to make his prima facie burden on suit on sworn account.
>
> - White failed to establish a breach of contract action and subsequent entitlement to attorney fees "as a matter of law."
>
> - This motion is premature, as discussed in the companion motion for continuance; discovery needs to be conducted.

1

0103

# I. Background

White sued Reeder for breach of contract, alleging that Reeder hired White to perform attorney services, and failed to pay $212,597.07 in attorney fees.[1] White also seeks an award of 12% interest, costs of court, and $70,000 in attorney fees for this proceeding.

Reeder contests the fees represented to be charged by White, and contests that the fees were reasonable and necessary for the work accomplished. Exhibit 1. Further, Reeder believes that charges and fees charged by White and his office reflect actions taken by White that were not in compliance with or in furtherance of the client's particular instructions and strategies in the case. Exhibit 1. Reeder cannot provide more specific explanation of White's departures from instruction until White actually provides the billing statements with description of legal services provided and time spent. Exhibit 1.

The hearing on Plaintiff's Motion for Summary Judgment is currently scheduled to take place on August 25, 2015. Procedurally, a Motion for Summary Judgment is premature as Defendant has had virtually no opportunity to complete or even begin discovery. A timeline of the proceeding in this case are as follows:

| | |
|---|---|
| 4/14/15 | Plaintiff's Original Petition filed. |
| 6/1/15 | Defendant Wendell Reeder's Original Answer and General Denial filed. |
| 6/11/15 | Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, LLP as Attorney for Defendant Wendell Reeder filed. |
| 6/19/15 | Plaintiff's Motion for Summary Judgment filed. |
| 6/23/15 | Order Granting Motion to Disqualify J. Keith Mayo and Mayo Mendolia & Vice, LLP as Attorney for Defendant Wendell Reeder filed. |

---

1 See Plaintiff's Original Petition, on file.

0104

Defendant has recently retained additional counsel to represent him in this matter. A Notice of Appearance of Additional Counsel naming Jack Walker has been filed in this matter concurrently with this motion. As of the date of filing of this Motion for Continuance, the Defendant has only been in the case for approximately 52 days. Defendant is entitled to the opportunity to conduct discovery and, at a minimum obtain the deposition of the Plaintiff, J. Bennett White with J. Bennett White, P.C.

## II. Table of Exhibits

Reeder attached the following exhibits which are incorporated by reference as if set forth in full:

Exhibit 1      Affidavit of Wendell Reeder.

Plaintiff also relies upon and incorporates all pleadings on file.

## III. Standard of Review

When a movant files a traditional motion for summary judgment based on the summary judgment evidence, the court can grant the motion only when the movant's evidence, "as a matter of law," either conclusively establishes all the elements of the movant's affirmative defense or conclusively disproves the facts of at least one element of the nonmovant's claim. *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995). When evaluating a motion for summary judgment based on summary judgment proof, the trial court must do the following:

> (1) Assume all the nonmovant's proof is true. *Limestone Prods. Distrib. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546

3

(2) Indulge every reasonable inference in favor of the nonmovant. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

(3) Resolve all doubts about the existence of a genuine issue of a material fact against the movant. *M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (2000).

The movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action. *Id.* If the movant meets his burden, the burden then shifts to the non-movant to present competent summary judgment evidence creating a genuine issue of material fact. *Kaye v. Harris County Mun. Util. Dist. No. 9*, 866 S.W.2d 791, 793 (Tex. App. – Houston [14th Dist.] 1993, no writ) (citing *McConnell v. Southside Indep. Sch, Dist.*, 858 S.W. 2d 337, 341 (Tex. 1993)).

**What Constitutes a Material Fact Issue?**

In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 205, 43 Tex. Sup. Ct. J. 595 (Tex. 2000). The evidentiary standard in reviewing a summary judgment is well-known to this court:

> We must... view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Col*, 391 S.W.2d 41, 47 (Tex. 1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). **Evidence that favors the movant's position will not be considered unless it is uncontroverted.** *Great American*, 391 S.W.2d at 47.

4

*Davis v. City of Palestine*, 988 S.W.2d 854, 857 (Tex. App.—Tyler 1999, no pet.). Additionally, "Conflicting testimony of the same witness on the same issue creates a fact issue for the fact finder to decide." *Washington v. Aetna Cas. & Surety Co.*, 521 S.W.2d 313, 316 (Tex. Civ. App.—Fort Worth 1975, no writ), emphasis added; *Maleski v. Tex. Emp. Ins. Ass'n.*, 471 S.W.2d 416, 421 (Tex. Civ. App.—Corpus Christi 1971, no writ).

## IV. Argument and Authorities

White sued Reeder for breach of contract, and has failed to establish his right to a traditional summary judgment, "as a matter of law."

**1. White failed to plead a Suit on Sworn Account, and thus is not entitled to avail himself of Rule 185's procedural advantages.**

White's claim is for breach of contract. White failed to plead breach of contract in a way that meets Rule 185's elements and thus is not allowed to harness a suit on sworn account's procedural benefits.

Rule 185 states that an open account includes, "any claim… for personal services rendered." See Tex. R. Civ. P. 185; *Panditi v. Apostle*, 180 S.W.3d 924, 926 (Tex. App.---Dallas 2006, no pet.). Rule 185 is not a rule of substantive law, but rather, a rule of procedure regarding the evidence necessary to establish a prima facie right of recovery for certain types of contractual claims. *Id*.

It is merely a rule of evidence which, if there is no proper denial, avoids the necessity of proving the correctness of the account. *Long v. Miken Oil, Inc.*, 2014 Tex. App. LEXIS 9189, at *29 (Tex. App.---Tyler 2014, no pet.). Proof of the contract or sale that gave rise to the account must be made as alleged. *Id*. at 30.

5

If a plaintiff's pleading of a sworn account is defective or if the defendant files a proper sworn denial, the plaintiff must offer proof of the sworn account. *Id*. In a suit on sworn account, the plaintiff must prove:

(1) there was a sale or delivery of the goods or services,

(2) the charges on the account are just, that is, the prices charged are in accordance with an agreement or, in the absence of an agreement, are usual, customary and reasonable, and

(3) the amount remains unpaid.

*Id*.

The account must show with reasonable certainty the name, date and charge for each item, and provide specifics or details as to how the figures were arrived at. *Panditi*, 180 S.W.3d at 926.

A claim is liquidated for a suit on sworn account if the amount of damages may be accurately calculated by the trial court from the "factual, as opposed to the conclusory," allegations in the plaintiffs' petition and the instrument in writing. *Id*. When a plaintiff's suit on sworn account is not based on a liquidated amount, the pleadings are neutralized and the plaintiff must prove his case at common law. *Id*.

A systematic record must have been kept on all claims brought under the rule. *Id*. at 31. A suit on sworn account must be accompanied by the affidavit of the plaintiff, his agent or his attorney, that (1) the claim is within the knowledge of the affiant, (2) that the claim is just and true, (3) the account is due, and (4) all just and lawful offsets, payments and credits have been allowed. *Id*. A defendant is not required to file a sworn denial if the plaintiff's suit on a sworn account is not properly pleaded. *Id*.

6

**a. White failed to establish his prima facie case under Rule 185, and thus is not entitled to suit on sworn account treatment.**

White filed a petition wholly deficient of Rule 185's requirements. Namely, the petition was conclusory and:

- Failed to attach an affidavit establishing facts under oath

- Failed to contain facts establishing systematic record(s) of transaction(s)

- Failed to contain facts establishing that the amount charged were usual, customary and reasonable

- Failed to contain facts establishing a contract between the parties

- Failed to contain facts establishing the lawful payments, offsets and credits applied to the account.

TEX. R. CIV. P. 185; *Andrews v. ETMC*, 885 S.W.2d 264 (Tex. App.—Tyler 1994, no writ).

At a minimum, the sworn information in support of a Rule 185 suit on sworn account for attorney fees should have included statements that list the date and description of legal services provided, the number of hours spent, etc., so that the defendant could have something more than mere conclusions to controvert. *Panditi*, 180 S.W.3d at 927.

In every way, White's petition fails to establish its prima facie burden under Rule 185.

**b. Nonetheless, Reeder has filed a sworn denial, and White is put to his burden of proof.**

Reeder is not required to file a sworn denial. "A defendant is not required to file a sworn denial if the plaintiff's suit on a sworn account was not properly pleaded." *Panditi*, 180 S.W.3d at 926. As explained above, because White didn't properly plead a sworn account, this is a breach of contract action and nothing more.

7

The purpose is straightforward. Defendant cannot be expected to refute allegations that haven't been clearly and particularly alleged and sworn under oath in the first place.

Nonetheless, Reeder has filed a sworn denial, and White must establish his right to recovery by common law. Where a defendant files a verified denial, he is permitted to dispute the receipt of services and correctness of the charges. *Panditi*, 180 S.W.3d at 926.

Here, Reeder has alleged in his sworn denial that the fees were improper. *Ashton Grove L.C. v. Jackson Walker L.L.P.*, 366 S.W.3d 790, 798 (Tex. App.—Dallas 2012, no pet.). Reeder contests the fees represented to be charged by White, and contests that the fees were reasonable and necessary for the work accomplished. Exhibit 1. Further, Reeder believes that charges and fees charged by White and his office reflect actions taken by White that were not in compliance with or in furtherance of the client's particular instructions and strategies in the case. Exhibit 1. Reeder cannot provide more specific explanation of White's departures from instruction until White actually provides the billing statements with description of legal services provided and time spent. Exhibit 1.

**3. White failed to satisfy *Andersen* Requirements.**

An examination of the documents attached to White's traditional motion for summary judgment reveals flimsy, conclusory information that cannot establish his claim as a matter of law. In order to prevail on his motion for summary judgment, White must establish his claim for breach of contract, the link between breach of contract and damages, and his contract damages themselves "as a matter of law," which he cannot do. *Ashton*, 366 S.W.3d at 797-98.

As explained above, Reeder has alleged in his sworn denial that the fees were improper. *Id.* at 798.

0110

The *Andersen* factors apply in determining the reasonableness of attorney fees, and these factors include: (1) the time and labor required and difficulty of the issues involved; (2) the likelihood that acceptance of the employment will preclude other employment by the lawyer; (3) the fees customarily charged in the locality for similar legal services; (4) the amount involved and results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on the result obtained. *Ashton*, 366 S.W.3d at 799.

In support of his motion, White attaches an affidavit with exhibits. The affidavit fails to set forward any evidence regarding factors such as fees customarily charged for similar circumstances, or the experience or reputation of the lawyers involved.

White attaches documents he refers to as a "summary of account activity," containing conclusory information for seven matters, labeled as Exhibits 4-10. The financial records attached fail to set forward any information regarding the actual hours worked on a particular day on a given file, or a description of legal services provided during that time spent. They are little more than meaningless numbers, which, in a vacuum, cannot establish a claim as a matter of law.

**4. Continuance of summary judgment hearing is appropriate.**

As explained in the companion motion, a continuance of any summary judgment hearing is appropriate. As of the date of filing of the Motion for Continuance, the Defendant has only been in the case for approximately 52 days. Defendant is entitled to the opportunity to conduct

9

discovery and, at a minimum obtain the deposition of the Plaintiff, J. Bennett White with J. Bennett White, P.C.

The motion for continuance is adopted and incorporated as if set forth fully. And this response is subject to the motion for continuance.

## V. Conclusion

Accordingly, this Court should deny White's motion for summary judgment.


Respectfully submitted,



The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com



BY: /s/ John F. (Jack) Walker, III
　　　JOHN F. (JACK) WALKER, III
　　　Bar No. 00785167

ATTORNEY FOR DEFENDANT

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of August, 2015, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to each counsel of record listed below. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Texas Rules of Civil Procedure.

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax

J. KEITH MAYO
MAYO MENDOLIA & VICE, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax

/s/ John F. (Jack) Walker, III
JOHN F. (JACK) WALKER, III

0113

EXHIBIT 1

# AFFIDAVIT OF WENDELL REEDER

STATE OF TEXAS         §
                        §
                        §

COUNTY OF RED RIVER    §

Before me, the undersigned notary, on this day personally appeared Wendell Reeder whose identity is known to me. After making his oath, he said:

"My name is Wendell Reeder. I am more than 21 years of age and am of sound mind and capable of making this Affidavit. I have not been convicted of a felony or a crime involving moral turpitude and I have personal knowledge of the facts set forth in this Affidavit and each are true and correct.

"I have read Defendant's First Amended Answer in this matter and have personal knowledge of the matters contained therein and certify that contents thereof are true and correct.

"J. Bennett White and his staff performed legal services for me, individually, in the seven matters that are identified in paragraph 3 of Plaintiff's Motion for Summary Judgment. For an array of reasons more specifically set forth below, I contest that the fees represented in paragraph 3 of Plaintiff's Motion for Summary Judgment, or the fees charged by Mr. White which proceeded these fees and were paid by me, were reasonable and necessary for the work accomplished or the tasks and strategy discussed by Mr. White and I prior to the commencement of his work.

"I cannot provide specific instances of departure from strategy through the billing records at this time because I do not have a complete copy of the billing records for each of the 7 matters listed for the life of each case. I anticipate receiving copies of the billing records for each of these files from Mr. White's office, but have not to date due to the relative youth of this case.

**AFFIDAVIT OF WENDELL REEDER – Page 1 of 2**

0115

"Mr. White did not provide me with any explanation as to why he did not carry out the particular directions and strategies that I had relayed to him and his staff regarding the above-referenced case."

"Mr. White and his staff did not carry out particular directions and strategies in the above-referenced litigation and offered no explanation, legally sound or otherwise, as to why he did not follow my desired directives or strategies."

"Charges and fees charged to me by Mr. White and his office reflect actions taken by Mr. White and his office that were not in compliance or in furtherance of my particular instructions and strategies in the case."

"Further Affiant Sayeth Not"

Dated this 5ᵗʰ day of August, 2015.

**AFFIANT:**



WENDELL REEDER

SUBSCRIBED AND SWORN TO BEFORE ME on this 5ᵗʰ day of August, 2015, to certify which witness my hand and official seal.

ROBERT A. HILL
MY COMMISSION EXPIRES
June 8, 2016

NOTARY PUBLIC, STATE OF TEXAS

**AFFIDAVIT OF WENDELL REEDER – Page 2 of 2**

## CAUSE NO. 2015-184

| | | |
|---|---|---|
| J. BENNETT WHITE, P.C., | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| V. | § | INAND FOR |
| | § | |
| | § | |
| WENDELL REEDER, | § | |
|     Defendant. | § | WOOD COUNTY, TEXAS |

## FIRST AMENDED ANSWER

Defendant, WENDELL REEDER, files this first amended answer and general denial, and affidavit in support, as follows:

### I. General Denial

Defendant generally denies the allegations in plaintiff's original petition.

### II. Objection to Consideration as Suit on Sworn Account, and Special Exceptions

Defendant objects and specially excepts to plaintiff's petition because the claims are not properly brought as a suit on a sworn account. This is a suit for breach of contract arising from an attorney client relationship.

White failed to plead breach of contract in a way that meets Rule 185's elements and thus is not allowed to harness a suit on sworn account's procedural benefits. His pleadings are defective because they fail to establish by affidavit under oath any of the following:

(1) there was a sale or delivery of the goods or services,

(2) the charges on the account are just, that is, the prices charged are in accordance with an agreement or, in the absence of an agreement, are usual, customary and reasonable, and

(3) the amount remains unpaid.

0117

(4) systematic records of transactions, such as the name, date and charge for each item, and provide specifics or details as to how the figures were arrived at.

(5) Failed to contain facts establishing the lawful payments, offsets and credits applied to the account.

Defendant further objects and specially excepts to the conclusory nature of plaintiff's allegations. The usual and customary practice for attorneys is to make separate time entries detailing the date of service provided, amount of time spent, and description of legal service provided. Here, the amounts listed are nothing more than conclusions. When a plaintiff's suit on sworn account is not based on a liquidated amount, the pleadings are neutralized and the plaintiff must prove his case at common law. Conclusory totals do not satisfy the record keeping requirement of Rule 185.

A defendant is not required to file a sworn denial if the plaintiff's suit on a sworn account is not properly pleaded.

### III. Verified Pleas

Defendant denies the account on which plaintiff files suit because not each and every item of the account made the basis of plaintiff's suit is just or true. Defendant has filed an affidavit in support of this answer, and incorporates same as if set forth fully.

Respectfully submitted,

# MARTIN
# WALKER.,p.c.

The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
jwalker@martinwalkerlaw.com

BY: /s/ John F. (Jack) Walker, III
    JOHN F. (JACK) WALKER, III
    Bar No. 00785167

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of August, 2015, I electronically filed the foregoing with the Clerk of Court which will send notification of such filing to each counsel of record listed below. To the extent any such counsel is not registered for such electronic delivery, the foregoing document will be served in accordance with the Texas Rules of Civil Procedure.

J. Bennett White
J. Bennett White, P.C.
P.O. Box 6250
Tyler, TX 75711
903-597-4300
903-597-4330 Fax

J. KEITH MAYO
MAYO MENDOLIA & VICE, L.L.P.
110 N. College Ave., Suite 101
Tyler, Texas 75702
903-717-3422
903-717-3436 fax

      /s/ John F. (Jack) Walker, III
      JOHN F. (JACK) WALKER, III

## AFFIDAVIT OF WENDELL REEDER

STATE OF TEXAS           §
                                  §
                                  §

COUNTY OF RED RIVER    §

Before me, the undersigned notary, on this day personally appeared Wendell Reeder whose identity is known to me. After making his oath, he said:

"My name is Wendell Reeder. I am more than 21 years of age and am of sound mind and capable of making this Affidavit. I have not been convicted of a felony or a crime involving moral turpitude and I have personal knowledge of the facts set forth in this Affidavit and each are true and correct.

"I have read Defendant's First Amended Answer in this matter and have personal knowledge of the matters contained therein and certify that contents thereof are true and correct.

"J. Bennett White and his staff performed legal services for me, individually, in the seven matters that are identified in paragraph 3 of Plaintiff's Motion for Summary Judgment. For an array of reasons more specifically set forth below, I contest that the fees represented in paragraph 3 of Plaintiff's Motion for Summary Judgment, or the fees charged by Mr. White which proceeded these fees and were paid by me, were reasonable and necessary for the work accomplished or the tasks and strategy discussed by Mr. White and I prior to the commencement of his work.

"I cannot provide specific instances of departure from strategy through the billing records at this time because I do not have a complete copy of the billing records for each of the 7 matters listed for the life of each case. I anticipate receiving copies of the billing records for each of these files from Mr. White's office, but have not to date due to the relative youth of this case.

AFFIDAVIT OF WENDELL REEDER – Page 1 of 2

0120

"Mr. White did not provide me with any explanation as to why he did not carry out the particular directions and strategies that I had relayed to him and his staff regarding the above-referenced case."

"Mr. White and his staff did not carry out particular directions and strategies in the above-referenced litigation and offered no explanation, legally sound or otherwise, as to why he did not follow my desired directives or strategies."

"Charges and fees charged to me by Mr. White and his office reflect actions taken by Mr. White and his office that were not in compliance or in furtherance of my particular instructions and strategies in the case."

"Further Affiant Sayeth Not"

Dated this 5th day of August, 2015.

AFFIANT:



WENDELL REEDER

SUBSCRIBED AND SWORN TO BEFORE ME on this 5th day of August, 2015, to certify which witness my hand and official seal.

ROBERT A. HILL
MY COMMISSION EXPIRES
June 8, 2016

NOTARY PUBLIC, STATE OF TEXAS

AFFIDAVIT OF WENDELL REEDER – Page 2 of 2

0121

REPORTER'S RECORD
VOLUME ____ OF ____ VOLUMES

TRIAL COURT CAUSE NO. 2015-184

J. BENNETT WHITE, P.C.      ) IN THE DISTRICT COURT
                            )
                            )
VS.                         ) WOOD COUNTY, TEXAS
                            )
                            )
                            )
WENDELL REEDER              ) 402ND JUDICIAL DISTRICT

------------------------------

MOTION TO DISQUALIFY

------------------------------

On the 23rd day of June, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable G. Timothy Boswell, Judge presiding, held in Quitman, Wood County, Texas;

Proceedings reported by machine shorthand.

A P P E A R A N C E S

FOR THE PLAINTIFF:
    SBOT NO. 21309800
    MR. J. BENNETT WHITE
    J. BENNETT WHITE, P.C.
    P.O. Box 6250
    Tyler, Texas 75711-6250
    903.597.4300


FOR THE DEFENDANT:
    SBOT NO. 00794251
    MR. J. KEITH MAYO
    MAYO, MENDOLIA & VICE, L.L.P.
    110 N. Collage Avenue
    Suite 101
    Tyler, Texas 75702-7221
    903.747.3422

CHRONOLOGICAL INDEX
VOLUME ___ OF ___
(MOTION TO DISQUALIFY)
JUNE 23, 2015

                                          Page     Vol.

Motion to Disqualify
     BY MR. WHITE. . . . . . . . . . . .     4       --

Response to Motion to Disqualify
     BY MR. MAYO . . . . . . . . . . . .     4       --

Rebuttal BY MR. WHITE. . . . . . . . . .     6       --

Further response to Motion to Disqualify
     BY MR. MAYO . . . . . . . . . . . .    11       --

Motion to Disqualify, granted
     BY THE COURT. . . . . . . . . . . .    12       --

Adjournment. . . . . . . . . . . . . . .    13       --

Court Reporter's Certificate. . . . . .    14       --

P R O C E E D I N G S

THE COURT: 2015-184, White versus Reeder. I just have this down as a motions hearing. What are we dealing with?

MR. WHITE: Your Honor, my law firm filed a lawsuit against Mr. Reeder for collection of fees. Mr. Mayo's firm has been hired to represent Mr. Reeder. One of my formal legal assistants has gone to work for Mr. Mayo. Since she both has prior confidences being both employed by my firm and my client, we've moved to disqualify Mr. Mayo, so we're here on our motion to disqualify.

MR. MAYO: Your Honor, we filed a response, and in the response, we believe that we have met the criteria for isolating this particular nonlawyer/paralegal in the manner prescribed by the law. In the Phoenix Founders case, the Court's very clear with regard to what needs to be done by the law firm hiring the incoming paralegal.

The Court discusses the fact that there doesn't need to be a chilling effect on the hiring of paralegals simply because of the fact a paralegal has worked in another law office prior to coming to this law office, and they've set out the difference between paralegals and lawyers.

Your Honor, I would direct you to Page -- in the Phoenix case, Page 4, beginning on Page 4 in the second column, and it's really the first full paragraph beginning with, "Underlying..." It talks about the criteria that's looked at by the Supreme Court. And as long as my firm can satisfy the burden -- well, it's the Movant's burden to prove that there is a basis for disqualification, but my response to that, in responding to that, I simply have to show that there's a screening done with the employee, which there was -- I've included in my affidavit attached to my response -- that there have been measures taken within the office to isolate the employee from these files, which there has been. We've removed the files and segregated those particular files in another office from hers. She has also instructed, as has our staff and other paralegals, not to discuss this case within the office with this paralegal.

Ms. Smith is very capable paralegal, a single mother, and needs the job. The Court, not wanting to impose a chilling effect in the hiring of capable legal professionals as long as these criteria been met and we have met this criteria and we believe there's no basis for disqualification, Your Honor.

THE COURT: Thank you.

Mr. White.

MR. WHITE:  Thank you, Your Honor.  May approach, Your Honor?

THE COURT:  Yes.

MR. WHITE:  I've printed off this.  It's the same court opinion that Mr. Mayo provided, although I did highlight three paragraphs that are a little bit different place where Mr. Mayo called the Court's attention to.

Essentially, where the opinion goes to Page 836, the Supreme Court sets forth the criteria that's to be looked at.  And essentially, what this case does is it draws a distinction between the lawyer and the legal assistant whereas the lawyer is presumed, conclusively presumed to share whatever confidences they have to other people in the firm.

The Court Supreme has said that if we want to indulge that conclusive presumption as to a legal assistant, but it says it is inevitable that we should presume some sharing.  On the left-hand column there, it talks about the court will presume some sharing in a case of a legal assistant, but that can be rebutted, which that's the fact that it has to be rebutted by the firm seeking to be -- or the firm -- this -- the target of the disqualification, it would be their burden to

prove there are adequate safeguards in place, but when you go over to the next column, you go over the factors and the circumstances that exist here.

The first factor is the substantiality of the relationship between the former and the current matters. Well, Your Honor, when Ms. Smith was working for my firm, there is some portion of the work that's been sued on here today in this lawsuit that was work that she provided, so she's a fact witness about work she did that is reflected in the billing.

She worked for my firm which is both the Plaintiff and plaintiff's counsel, so she got confidences of both the employee of the party as well as an employee of the party's attorney. Well, the matter we are here today is the very same matter that she helped work on right before she left which was accounting for Mr. Reeder's time, reconciling the billing, making sure the amount we were claiming against him was correctly calculated, and so she's got direct involvement in the matter while she worked for my firm, and this is the same exact matter that Mr. Mayo is representing Mr. Reeder on.

The next factor the Supreme Court talks about is the time elapsing between the matters. This isn't where she did work for me years ago on something

that's remote in time from what we're on here today. This is all bang, bang; March-April of this year. There's no gap in-between the two.

The next factor the Supreme Court talks about is the size of the law firm. In that case, they made not that the legal assistant involved was going to work at Thompson & Knight. There was the ability to put her in different departments in different floors. The firm was large enough it was easy to lose her among the bodies so there was not much chance that her information would be drawn upon accidentally or improperly. Mr. Mayo's office is a small office. My office is a small office. This factor does not weigh in favor of denying our motion.

The next factor says the number of persons presumed to have confidential information. Mr. Mayo in his responses has indicated he's got three for four employees in his office. If there's anybody that's presumed to have shared confidences, it would be a substantial percentage of that office. It's not in this case where the paralegal had shared information with maybe her supervising attorney who had nothing to do with the ongoing matters that were the subject of this qualification.

The next factor is the nature involvement

in the former matter. Well, the former matter is the same matter that we're -- that has resulted in this case. She was completely involved in that.

The next factor is the timing and features of measures to reduce the dangers of disclosure. Mr. Mayo has indicated what he believes those to be, and the Supreme Court goes on to say a little further, the last part I've highlighted there, the fact that the present case involves representation of adverse parties in the same proceeding rather than two separate proceedings increases the danger that some improper disclosure may have occurred. We're here in exactly that scenario.

So to the extent the Supreme Court lowered the boundary or -- or the raised the burden for disqualification to some extent, the manner in which they've raised it simply does not apply to the facts that we have here, and not only that, but this speaks solely to the person being affected as having been an employee of the law firm, not as having been employed by the client.

I mean, we can just imagine in a personal injury case, if a former employee of the defendant goes to work for the plaintiff's law firm. That -- that would hardly be appropriate. And Mr. Mayo talks about

her ability to get a job, he can hire whoever he wants o hire. We're not saying he cannot hire her. It's just that he has to chose between hiring her and keeping this case. He doesn't have to fire her. He can be disqualified which would allow her to keep her job which would protect her from being exposed.

But the problem we have right now, Your Honor, she is a fact witness. She has knowledge that bears upon the legitimacy of our claim against Mr. Mayo's client. Mr. Mayo is obligated to zealously defend his client and there's no way for him to zealously defend his client if he's taking a hands-off approach with a fact witness because she happens to work for him.

If she has to testify, she's going to be extremely torn between the truthfulness of the work that she did as reflected in our claim and the loyalty she feels to Mr. Mayo by being employed by him and the loyalty she'll feel for her client as her client, and so that's unfair to do.

If Mr. Reeder has got legitimate defenses, there are plenty other lawyers that can take this case. There's no necessity to keep Mr. Mayo, but under these circumstances and under the facts that exists here, disqualification would be appropriate, and we ask the

Court to grant our motion and disqualify Mr. Mayo and his firm.

THE COURT: Any further response?

MR. MAYO: Just briefly, Your Honor. The Phoenix case deals specifically with -- and the Supreme Court is dealing specifically with what Mr. White has urged in his motion. In the Phoenix case, the Supreme Court says we're lowing the standard because we do not want to have that effect from hiring capable paralegals simply because they've worked on a case in another firm.

The size of the firm is a criteria. However, in this particular case, to disqualify our firm would be to presume that we haven't given all of these warnings, which I've sworn to an affidavit and attached to my response that we did, and we haven't taken these precautions in my office to isolate Ms. Smith from any exposure to the file.

THE COURT: Yes, sir.

Let me just say that the Court works on the assumption that everything in the affidavit is correct --

MR. MAYO: Yes, sir.

THE COURT: -- and you've taken all those steps and is acting in good faith. I think Mr. White is correct in what he's saying for the reason that this

is -- well, especially for the reason that this is a case where's it's not representing -- in other words, this has to do with the law firm itself as visa-vis Mr. Reeder as opposed to Mr. White. In other words, I think it gets too directly into the fact especially she might be called -- potentially be called as a witness, and I know she may not necessarily be called as a witness, but where she could be, this really puts this in a much more difficult situation that it would be otherwise.

I'm going to -- well, what is our timetable?

MR. MAYO: It's just begun. He filed a motion for summary judgement, but other than that, the case has just been filed.

THE COURT: The summary judgement is going to be heard when?

MR. WHITE: I don't think we have a setting.

THE COURT: I'm going to find that, Mr. Mayo, that your firm needs to either withdraw within 30 days -- in other words, if the matter isn't resolved some other way within 30 days, that your firm would need to withdraw.

MR. WHITE: Your Honor, is that a final

order? I presume the Court understands why because I understand Mr. Reeder is going to ask me to have this decision reviewed, I feel confident.

THE COURT: And, you know, I know mandamus isn't used as much as it used to be, but if it's available, why certainly, that's you need to take advantage of if you feel like that's what needs to be done. So I guess let me make that -- just put it on the basis of the fact changing that to where I'm saying that I find there is a conflict and that --

MR. MAYO: Even though it's the same client? That's okay.

THE COURT: Yes, sir. And that -- and so you've got something real clear to deal with.

If you'll reduce that to a properly written form, and if counsel signs off it approving as to form, I'll sign it when I get it.

MR. WHITE: I will prepare the proposed order.

THE COURT: Yes, sir.

(End of proceedings.)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS        )
COUNTY OF WOOD            )

I, Una B. Garland, Official Court Reporter in and for the 402nd District Court of Wood County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $200.00 and was paid by DEFENDANT.

WITNESS MY OFFICIAL HAND this the 18TH day of AUGUST, 2015.

/S/ UNA B. GARLAND
Una B. Garland, Texas CSR 5856
Expiration Date:  12/31/2015
Official Court Reporter
402nd District Court
Wood County, Texas
Quitman, Texas 75783